Lisa COONS–ANDERSEN, Appellant,

v.

Juley ANDERSEN, Appellee.

No. 05–01–01801–CV.

Court of Appeals of Texas,
Dallas.

March 13, 2003.

Charles W. McGarry, Dallas, for appellant.

Tom P. Briggs, Berry, Briggs & Berkley, Dallas, for appellee.

Before Justices MORRIS, MOSELEY, and FRANCIS.

## OPINION

Opinion by Justice MORRIS.

The central issue we decide in this appeal is whether appellant Lisa Coons–Andersen has standing under Texas law to seek visitation with and custody of a child born to appellee Juley Andersen, appellant's long-time romantic partner. We conclude she does not have standing and, therefore, conclude the trial court properly dismissed her suit. We also conclude the trial court correctly granted appellee summary judgment on appellant's breach of contract claims against appellee. Accordingly, we affirm the trial court's judgment.

### I.

Appellant and appellee began their relationship in 1988 in Florida. While they lived together, appellee conceived a child by artificial insemination. The child was born in March 1997. In October 1998, the parties' relationship ended, and appellee and the child moved to a different residence in Florida. After the parties separated, appellant continued to pay half of the child's day care expenses for three months, and appellee allowed appellant to have periodic visitation with the child. In late 1999, appellee and the child moved to

Texas, where they now reside. Appellant remained in Florida. Soon after her move to Texas, appellee denied appellant any further visitation with the child.

In June 2000, appellant filed suit against appellee. The lawsuit combined a claim for breach of contract with a suit affecting the parent-child relationship as provided for under the Texas Family Code. In her original petition, appellant alleged she had standing to bring suit under section 102.003(a)(9) of the Texas Family Code because, as required by the statute, she had actual care, control, and possession of the child for a period of six months within ninety days of filing suit. She later amended her petition to allege that, but for the deceptive acts of appellee, she would have filed suit within ninety days following the period of her actual care, control, and possession of the child. Additionally, appellant sought reimbursement for expenses she incurred in connection with the birth and care of the child while she and appellee lived together in Florida, a claim based on an alleged oral contract that appellant would support appellee and the child in return for being allowed to co-parent the child.

 In response to the petition, appellee filed a plea in abatement and motion to dismiss challenging appellant's standing to maintain a suit affecting the parent-child relationship because, in fact, she had not had actual care, control, and possession of the child since October 1998. The trial court granted appellee's plea and

ruled that appellant did not satisfy the standing requirements of section 102.003(a)(9).[1]

Appellee later moved for summary judgment on appellant's breach of contract claim, arguing the alleged oral agreement was unenforceable because it violated the statute of frauds and that there was no evidence of the agreement on which appellant relied to make her claim. The trial court granted summary judgment to appellee.

Appellant raises four issues on appeal. First, she contends family code section 102.003(a)(9), as applied to her, violates the open courts provision of the Texas Constitution. Second, she argues appellee's fraudulent conduct prevented her from complying with section 102.003(a)(9) and appellee should be estopped from asserting lack of standing. Third, she claims the application of section 102.003(a)(9) violates her rights to association and to contract freely with other parties under the Texas Constitution. Fourth, she complains the trial court erred in granting summary judgment against her on the breach of contract claim.

## II.

 We first address the standing issue. Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). The standard of review applicable

---

1. The trial court's order states only that the "Motion to Abate" is granted for lack of standing, and does not recite that the family code suit is dismissed. Nevertheless, we construe the order as a dismissal. Dismissal is the proper remedy for lack of subject matter jurisdiction when it is impossible for the petition to confer jurisdiction on the trial court. *Whitley v. Dallas Area Rapid Transit*, 66 S.W.3d 472, 474 (Tex.App.-Dallas 2001, no pet.). We presume the trial court knows and correctly applies the law. *Thompson v. Tex. Dep't of Human Res.*, 859 S.W.2d 482, 485 (Tex.App.-San Antonio 1993, no writ). In addition, the motion sought dismissal, the order's caption states it is an order of dismissal, and the parties construed the order as a dismissal. *See Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex.1971).

to subject matter jurisdiction also applies to standing. *Id.* at 446. Under that standard, the pleader is required to allege facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Id.* On review, appellate courts "construe the pleadings in favor of the plaintiff and look to the pleader's intent." *Id.* A party's standing to pursue a cause of action is a question of law. *See N. Alamo Water Supply Corp. v. Tex. Dep't of Health*, 839 S.W.2d 455, 457 (Tex.App.-Austin 1992, writ denied). Consequently, we review the trial court's actions de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

■ Texas Family Code section 102.003(a)(9) grants standing to file a suit affecting the parent-child relationship to "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." TEX. FAM.CODE ANN. § 102.003(a)(9) (Vernon 2002). Occasional visitation with or possession of a child, however, is not "actual care, control, and possession" under the statute and does not satisfy section 102.003(a)(9)'s strict time requirement. *See Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001). At the time of filing suit, appellant did not meet the statute's requirement because she had not had actual care, control, and possession of the child since October 1998. Therefore, she did not have standing under section 102.003(a)(9). *See Jones v. Fowler*, 969 S.W.2d 429, 433 (Tex.1998) (lesbian mother's former romantic partner did not have standing because she did not have actual care, control, and possession of child for requisite time before filing suit).

■ Recognizing the statutory obstacle to her standing, appellant argues in her first issue that section 102.003(a)(9), as applied to her, violates the open courts provision of the Texas Constitution. The open courts provision states all courts shall be open and every person shall have a remedy for his injuries by due course of law. *See* TEX. CONST. art. I, § 13. It affords at least three distinct protections: (1) courts must actually be open and operating; (2) access to courts may not be impeded by unreasonable financial barriers; and (3) the legislature may not abrogate the right to assert a well-established common law cause of action. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 448. Appellant invokes the third protection, claiming section 102.003(a)(9) abrogates a common law cause of action.

■ To establish an open courts violation, a litigant must show that, first, the statute restricts a well-recognized common law cause of action and, second, the restriction is unreasonable or arbitrary when balanced against the statute's purpose. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 508 (Tex.1997). We must construe the statute in a manner that renders it constitutional, if possible. *See Trinity River Auth. v. URS Consultants, Inc.-Tex.*, 869 S.W.2d 367, 370 (Tex.App.-Dallas 1993), *aff'd*, 889 S.W.2d 259 (Tex.1994).

Our first inquiry, then, is whether section 102.003(a)(9) restricts a well-recognized common law cause of action. Appellant argues she stood in loco parentis to the child and, by virtue of that relationship, would have standing under common law to file a lawsuit seeking custody of the child. She contends the statute restricts her common law right and is therefore unconstitutional.

■ Texas courts have traditionally recognized the rights of persons standing in loco parentis to a child. It is well-established that "in loco parentis" means in the place of a parent and refers to a

relationship a person assumes toward a child not his or her own. *See Trotter v. Pollan,* 311 S.W.2d 723, 729 (Tex.Civ.App.-Dallas 1958, writ ref'd n.r.e.); *McDonald v. Tex. Employers' Ins. Ass'n,* 267 S.W. 1074, 1076 (Tex.Civ.App.-Dallas 1924, writ ref'd). A person standing in loco parentis to a child voluntarily assumes the obligations of a parent. *See Trotter,* 311 S.W.2d at 729; *McDonald,* 267 S.W. at 1076. Under common law, a person in loco parentis to a child had the same rights, duties, and liabilities as the child's parents. *McDonald,* 267 S.W. at 1076. These rights included, in appropriate circumstances, having standing as a party in a lawsuit involving custody of the child. *Trotter,* 311 S.W.2d at 729 (persons in loco parentis have "existing justiciable interest" in controversy involving custody of child). Being in loco parentis is, however, by its very nature, a temporary status.[2] *See Trotter,* 311 S.W.2d at 729; *McDonald,* 267 S.W. at 1076.

Although we agree that at common law a person standing in loco parentis to a child could have, under appropriate circumstances, standing in a custody suit, in this case appellant simply has not established that she was in loco parentis to the child at the relevant time. Appellant alleges in her brief that she was in loco parentis but fails to explain how and when she achieved this status. Nonetheless, reading her brief liberally, we perceive three possible arguments: first, appellant could claim to be in loco parentis by virtue of the rights conferred on her in the agreement she made with appellee to share parenting duties; second, she could claim she was in loco parentis due to the visitation appellee allowed her to have with the child; or third, she could claim to have been in loco parentis while she was living

with the child and appellee. At oral argument, her counsel suggested she was in loco parentis by virtue of her agreement with appellee.

We do not agree a person can be in loco parentis to a child, without actually having possession of the child, by virtue of an alleged contractual agreement to share parenting responsibilities. The in loco parentis relationship arises when a non-parent assumes the duties and responsibilities of a parent and normally occurs when the parent is unable or unwilling to care for the child. The defining characteristic of the relationship is actual care and control of a child by a non-parent who assumes parental duties. Appellant asks us to hold she was in loco parentis despite the fact that the child's mother was actually caring for the child and appellant was not. We will not apply the doctrine in such circumstances. We conclude appellant's alleged contractual agreement to share parenting duties with appellee, even if proved, cannot alone serve to confer upon her the status of in loco parentis to appellee's child.

Likewise, we conclude appellant was not in loco parentis because of the occasional visitation she had with the child after she and appellee separated. Texas courts have never applied the common law doctrine of in loco parentis to grant custodial or visitation rights to a non-parent, against the parent's wishes, when the parent maintains actual custody of the child. We decline to do so now.

Finally, we note the record shows appellant lived with appellee and the child during the first eighteen months of the child's life, and during that time she cared for the child as if she were a parent. Once appellee and the child moved out, however, any

---

**2.** We do not address in this case whether a person in loco parentis with a child could

have standing to seek permanent custody under the common law doctrine discussed here.

possible claim appellant may have had for standing in loco parentis ended. The common law relationship is temporary and ends when the child is no longer under the care of the person in loco parentis. *See Trotter*, 311 S.W.2d at 729; *McDonald*, 267 S.W. at 1076. The cases relied upon by appellant to assert that someone who was once in loco parentis may maintain a custody lawsuit against a child's parent simply do not stand for that proposition, and we reject the notion that appellant's possible status as a person in loco parentis continued past the time the child moved out of her home.

For us to conclude appellant was in loco parentis under the facts of this case would require an unwarranted expansion of an otherwise well-established common law doctrine. Texas cases that discuss the doctrine have a central common feature: the person deemed to be standing in loco parentis had actual care and custody of a child in the parent's absence. Indeed, this is the very cornerstone of the doctrine. Family code section 102.003(a)(9) is in complete harmony with the common law doctrine of in loco parentis: a person who assumes the duties of a parent may be treated like a parent under the law and has the right to be a party in a lawsuit involving the child's custody. Instead of abrogating a common law right, the statute actually embraces it. Even though we have concluded appellant has not established that she was in loco parentis to the child, we also conclude family code section 102.003(a)(9) does not abrogate any cause of action appellant may have held under the common law doctrine of in loco parentis.

Moreover, even if section 102.003(a)(9) restricted such a cause of action, appellant still has not shown an open courts violation because she failed to establish that the provision is unreasonable and arbitrary when balanced against the statute's purpose. Appellant complains that the requirement of filing suit within ninety days of having actual custody of the child imposed an impossible condition on her. Specifically, she argues that ninety days after her possession of the child ended, she could not file suit in Texas because all parties still lived in Florida and she could not file suit in Florida because that state's courts have ruled that a biological mother's former lesbian partner does not have standing to seek custody of or visitation with a child. In essence, appellant complains that the ninety-day requirement operates as an unconstitutional statute of limitations.

■ The purpose of section 102.003(a)(9) is to create standing for those who have developed and maintained a relationship with a child over time. *In re Garcia*, 944 S.W.2d 725, 727 (Tex.App.-Amarillo 1997, no writ); *T.W.E. v. K.M.E.*, 828 S.W.2d 806, 808 (Tex.App.-San Antonio 1992, no writ). Six months is, in the judgment of the legislature, the minimum time needed to develop a significant relationship for purposes of standing to seek custody. *Garcia*, 944 S.W.2d at 727; *T.W.E.*, 828 S.W.2d at 808. The requirement that the six months' possession be within ninety days of filing suit prevents persons who do not have a recent or current relationship with the child from disrupting the child's life with stale claims. *Garcia*, 944 S.W.2d at 727; *T.W.E.*, 828 S.W.2d at 808 (interpreting former subsection 11.03(a)(8) of the family code, requiring actual possession of child for six months immediately preceding filing of suit). We conclude the statute's ninety-day time period for filing suit is not unreasonable or arbitrary when balanced against its purpose. We resolve appellant's first issue against her.

■ In her second issue, appellant contends appellee should be estopped from

challenging her standing under section 102.003(a)(9) because appellee engaged in deceptive and fraudulent conduct to prevent her from filing suit within the required time. Appellant, however, does not direct us to any specific authority or evidence to support her contention. As such, she presents nothing for us to review and waives her claim. *See* Tex.R.App. P. 38.1(h); *McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied).

■ In her third issue, appellant argues section 102.003(a)(9) of the family code infringes her freedom of contract and right to association under the Texas Constitution. Specifically, appellant asserts her alleged contractual agreement to co-parent the child should guarantee her standing to file a suit affecting the parent-child relationship. Because the statute denies her standing, she contends it interferes with her constitutional freedoms of contract and association. We doubt the merit of such a contention. Regardless, appellant, in support of her contention, cites a clearly inapplicable provision of the Texas Constitution[3] and offers no case authority to support her position. Accordingly, she has waived her argument. *See* Tex.R.App. P. 38.1(h); *McIntyre*, 50 S.W.3d at 682.

■ Appellant complains, in her fourth issue, that the trial court improperly granted summary judgment in favor of appellee on the breach of contract claim. Appellant alleged in her petition that in 1995 she agreed to support appellee emotionally and financially in appellee's efforts to conceive a child in exchange for which appellee agreed that appellant would co-parent and assist in rearing the child.

Appellant alleged she performed the agreement by paying for appellee's artificial insemination, other uninsured medical expenses for appellee and the child, child care expenses, and food, clothing, and shelter for appellee and the child. She alleged appellee breached their agreement by moving out of the household with the child, changing her visitation schedule with the child, and denying her contact with the child. Appellant sought, as damages, reimbursement for her child-related expenditures. She did not plead for specific performance of the contract.

Appellee filed a no-evidence motion for summary judgment on the breach of contract claim, arguing there was no evidence the money spent by appellant was not intended to be gratuitous, and there was no evidence the parties' contract contemplated remuneration for appellant in the event of a breach. The trial court granted summary judgment on both grounds. A request for a no-evidence summary judgment is, in effect, a request for a pretrial directed verdict. *Boyattia v. Hinojosa*, 18 S.W.3d 729, 735 (Tex.App.-Dallas 2000, pet. denied). We apply the same legal sufficiency standard in reviewing no-evidence summary judgments as we apply in reviewing directed verdicts. *Id.* We review the evidence in the light most favorable to the respondent and disregard all contrary evidence and inferences. *Id.* We will reverse the summary judgment only if it appears the respondent presented more than a scintilla of evidence to raise a genuine issue of material fact with respect to the challenged element. *Id.*

■ The expenditures for which appellant sought reimbursement were made while she and appellee lived together as romantic partners. Under Texas law,

---

**3.** Appellant cites article XIV, section 1 of the Texas Constitution, which refers to the estab-lishment of the General Land Office.

"where persons are living together as one household, services performed for each other are presumed to be gratuitous, and an express contract for remuneration must be shown or that circumstances existed showing a reasonable and proper expectation that there would be compensation." *Salmon v. Salmon,* 406 S.W.2d 949, 951 (Tex.Civ.App.-Ft. Worth 1966, writ ref'd n.r.e.) (quoting *Martin v. de la Garza,* 38 S.W.2d 157 (Tex.Civ.App.-San Antonio 1931, writ dism'd)).[4] Appellant testified in her deposition that she and appellee had an oral agreement relating to emotional and financial support while they lived together, and that when they separated, they entered into a written agreement relating to the continuing care of the child. She provided no further detail about the terms of either agreement. She further testified she and appellee had no written agreement providing appellee would reimburse her for money she spent on the child's behalf. This summary judgment evidence, without more, is insufficient to raise a fact issue as to whether appellant made her expenditures with the expectation of remuneration. We conclude the trial court correctly granted summary judgment in favor of appellee on appellant's breach of contract claim. We resolve appellant's fourth issue against her.

Having resolved appellant's four issues against her, we affirm the judgment of the trial court.

---

4. We apply Texas law under the well-recognized presumption that the law of another state is the same as Texas law. *See Braddock v. Taylor,* 592 S.W.2d 40, 42 (Tex.Civ.App.-Beaumont 1979, writ ref'd n.r.e.).