In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-073 CV


____________________



IN RE NORVAL MARTIN AND LINDA MARTIN






Original Proceeding






OPINION


 By a petition for writ of mandamus, Norval Martin and Linda Martin complain of the
trial court's order striking their third-party petition. The litigation stems from the tragic death
of the young son of real party in interest, Aimee Tiedemann Bigham. The child drowned in
the Martins' swimming pool. Bigham sued the Martins. The Martins moved for leave to file
a third-party petition joining the person responsible for supervising the child. The trial court
initially granted the Martins' motion. Bigham filed a motion requesting the trial court
reconsider. The trial judge granted Bigham's motion and struck the third-party petition. The Martins contend the trial court abused its discretion in denying permission to join
a responsible third party to the lawsuit. They say a writ of mandamus is appropriate because
they have no adequate remedy at law. Bigham responds that the Martins' motion for leave
was untimely, because it was not filed within thirty days following service of their original
answer. See Tex. R. Civ. P. 38. Secondly, she argues there was no abuse of discretion by
the trial court in striking the Martins' third-party petition, because the person sought to be
joined, Raymond Tiedemann, was not a "responsible third-party" as that term was defined
in the applicable version of section 33.011(6)(A) of the Civil Practices and Remedies Code. (1) 
She says Tiedemann, an uncle of the child, owed no duty of care and is immune from
liability. 

 On the day of the tragedy, July 10, 2002, Tiedemann was responsible for supervising
the child. The child wandered away, fell into the Martins' swimming pool, and drowned. 
Bigham characterizes Tiedemann's status on the day in question as "gratuitously supervising
the minor child," and describes him as a "gratuitous babysitter." She cites the doctrines of
in loco parentis and parental immunity, and argues that as a matter of law Tiedemann cannot
be held liable for negligence in taking care of the child. 

 In loco parentis means in the place of a parent, and generally refers to a person in the
role of a parent who assumes the obligations incident to the parental relationship, though
without the formality of a legal adoption; the phrase describes an assumption of parental
status and a discharge of parental duties. See McGee v. McGee, 936 S.W.2d 360, 369 n.2
(Tex. App.--Waco 1996, writ denied) (opinion on rehearing). The relationship status may
arise when a parent is unable or unwilling to care for the child and a non-parent assumes the
duties and responsibilities of the parent. See Coons-Andersen v. Andersen, 104 S.W.3d 630,
635 (Tex. App.--Dallas 2003, no pet.). In McGee, the court extended parental immunity to
a stepparent held to be in loco parentis. The biological father died two months before the
child was born, and the mother testified the stepparent was the only father figure the child
had known. McGee, 936 S.W.2d at 370. But the court acknowledged: "We struggled with
the question of when a stepparent might be protected by parental immunity, because we
understand that not every stepparent stands in loco parentis with every stepchild." Id. at 369.
 Here, it is not apparent how an uncle temporarily supervising a child under the
circumstances would fit the meaning of in loco parentis or be protected by parental
immunity. Nor is it apparent on this record how an uncle alleged to be responsible for a
three-year old child, with the right to control the child, could be said to owe no duty of care
in exercising that responsibility and control. These specific arguments do not appear to have
been asserted below or considered by the trial court, nor do they justify the order. Bigham
argued to the trial court that the Martins' third-party claim is frivolous, but we see nothing
supporting that assertion. 

 Bigham also argues the Martins' "violation" of Rule 38 defeats their attempt to file
their third-party petition. Rule 38 reads in part as follows:

 At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a citation and petition to be served upon a person not
a party to the action who is or may be liable to him or to the plaintiff for all or
part of the plaintiff's claim against him. The third-party plaintiff need not
obtain leave to make the service if he files the third-party petition not later than
thirty (30) days after he serves his original answer. Otherwise, he must obtain
leave on motion upon notice to all parties to the action . . . . Any party may
move to strike the third-party claim, or for its severance or separate trial. 


The Martins admit their attempt to bring Tiedemann into the lawsuit was made more than
thirty days after their original answer was served. 

 Rule 38 does not preclude a defendant from filing and serving a third-party petition
more than thirty days after the original answer is served, but the rule does require leave from
the trial court at that time. Generally, Rule 37 provides that, so long as additional parties are
not brought in "at a time nor in a manner to unreasonably delay the trial of the case," a party
is permitted to bring into the lawsuit additional parties upon such terms as the trial court may
prescribe. See Tex. R. Civ. P. 37; Valley Indus., Inc. v. Martin, 733 S.W.2d 720, 721 (Tex.
App.--Dallas 1987, orig. proceeding). A trial court ordinarily has discretion regarding
joinder of third parties. See Tex. R. Civ. P. 38. See also the applicable version of Tex. Civ.
Prac. & Rem. Code Ann. § 33.004 requiring timely motion to join responsible third party. 
 "Joinder rests on the concept of judicial efficiency and the policy of providing full and
adequate relief to the parties." See In re Arthur Andersen LLP, 121 S.W.3d 471, 483 (Tex.
App.--Houston [14th Dist.] 2003, orig. proceeding). A trial court's decision on joinder should
be based on practical considerations with regards to what is fair and orderly. Id. While the
trial court may consider whether the joinder will delay trial of the cause, the appropriate
consideration is whether the delay would be reasonable under the circumstances of the
lawsuit, not simply whether a delay will occur. Id. And there are occasions in which joinder
of certain persons is required if feasible. Rule 39 provides that a person who is subject to
service of process "shall" be joined as a party under certain circumstances, including if "in
his absence complete relief cannot be accorded among those already parties." See Tex. R.
Civ. P. 39. 

 In the petition for writ of mandamus and the response, the following events are cited:
Bigham's original petition against the Martins was filed August 6, 2002; the Martins
answered the lawsuit on September 4, 2002; the Martins' leave to file third-party petition was
filed January 24, 2003, and initially granted March 6, 2003; and Bigham filed her motion to
reconsider on March 11, 2003, which was granted on March 19, 2003. Neither party says
whether a trial date was set. 

 On this record, we do not see how unreasonable delay or expense would result from
permitting the Martins to join Tiedemann to the lawsuit as a third-party defendant. Generally
when feasible, considerations of efficiency and consistency alone suggest the liability of all
responsible parties should be determined in one lawsuit, with one jury considering the
appropriate percentage of responsibility for each party's conduct. See, e.g., Jones v. Ray, 886
S.W.2d 817, 822-23 (Tex. App.--Houston [1st Dist.] 1994, orig. proceeding); Ryland Group,
Inc. v. White, 723 S.W.2d 160, 163 (Tex. App.--Houston [1st Dist.] 1986, orig. proceeding). 
We see no reason for the trial court to deny the joinder here. 

 While mandamus is appropriate to correct a clear abuse of discretion by a trial court,
mandamus will issue only if it is shown that the relator has no adequate remedy at law. 
Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996). We are concerned
principally with two questions in addressing the adequacy of a legal remedy here: whether
the Martins could pursue a separate post-judgment contribution claim against Tiedemann,
or instead must present the claim in this lawsuit; and, considering the effect of a delay,
whether they could pursue a contribution claim when limitations eventually bars a claim by
Bigham against Tiedemann. 

 We consider the limitations question first. Appeal is an inadequate remedy if the
passage of time will bar the claim before appeal becomes available. Generally, contribution
is not recoverable from a party against whom the injured party has no cause of action. See
Hunter v. Fort Worth Capital Corp., 620 S.W.2d 547, 553 (Tex. 1981). However, a suit for
contribution may be brought and considered timely even if the original plaintiff's lawsuit
against the contribution defendant would be barred by limitations. City of San Antonio v.
Talerico, 98 Tex. 151, 81 S.W. 518, 520 (1904); see Conroe Truck & Tractor, Inc. v. Childs
Truck Equip., Inc., 723 S.W.2d 207, 208-09 (Tex. App.--Beaumont 1986, writ ref'd n.r.e.);
see also Goose Creek Consol. Indep. Sch. Dist. v. Jarrar's Plumbing, Inc., 74 S.W.3d 486,
492 (Tex. App.--Texarkana 2002, pet. denied); Koonce v. Quaker Safety Products & Mfg.
Co., 798 F.2d 700, 705-15 (5th Cir. 1986). This accrual rule applies despite the derivative
nature of the claim for contribution. See Conroe Truck & Tractor, Inc., 723 S.W.2d at 208-09. The Martins will not know until liability is established whether they will owe a judgment
and so have an injury on which a claim against Tiedemann might be based. It is at that time
limitations would start to run on their contribution claim. 

 However, Chapter 33 by its terms may nevertheless preclude pursuit of a defendant's
untimely third-party petition in the primary lawsuit if limitations would bar the plaintiff's
claim. In Texas, a claim for contribution from a joint tortfeasor is a statutory creation. See
Pyramid Derrick and Equipment Co. v. Mason, 617 S.W.2d 727, 729 (Tex. Civ. App.--Beaumont 1981, writ ref'd n.r.e.) ("Contribution among joint tortfeasors did not exist at the
common law and such doctrine is applicable in Texas only because of statutes enacted by the
Legislature."). Prior section 33.004 of the Civil Practices and Remedies Code, applicable
here, provides that a defendant may, on timely motion, but before the expiration of
limitations on the claimant's claim for damages, seek to join a responsible third party not
sued by claimant. Even if the claimant's action against the responsible third party would be
barred by limitations, the defendant may still file his third-party claim in the primary lawsuit,
provided the claim is filed on or before thirty days after the date the defendant's answer is
due. We do not see this provision as modifying the accrual date for contribution claims. 
Rather, we view the provision simply as limiting the time the claims can be asserted in the
primary lawsuit. 

 Here, however, the Martins filed their third-party petition timely under section 33.004,
though the third-party claim was struck by the trial court. Any trial court error in striking the
pleading can be corrected on appeal. Given the circumstances in this case, we conclude prior
section 33.004(a) would permit pursuit of the Martins' third-party claim in this lawsuit after
an appeal, though section 33.004 and limitations may, at that time, preclude Bigham's claim
against Tiedemann.

 In determining the adequacy of the legal remedy, we also consider whether the
Martins' contribution claim must be asserted in this lawsuit or not at all. If it must be
asserted in this lawsuit, the trial court would likely have little discretion to deny joinder. 
Striking a contribution claim against a joint tortfeasor required by law to be asserted in this
lawsuit would seem clearly wrong, and would result in a waste of judicial resources. 
Prevention of clear and certain waste of judicial resources is a proper consideration in
granting a writ of mandamus. See In re Arthur Andersen, 121 S.W.3d at 486. And one court
has held that "Chapter 33 does not permit a tortfeasor to seek post-judgment contribution
from a tortfeasor that was not a party to the judgment." Casa Ford, Inc. v. Ford Motor Co.,
951 S.W.2d 865, 876 (Tex. App.--Texarkana 1997, pet denied). That holding indicates the
Martins' contribution claim must be heard in this lawsuit or not at all. 

 However, we respectfully disagree with the assertion that Chapter 33 precludes a post-judgment contribution claim against a joint tortfeasor that is not made a party to the primary
lawsuit. Prior section 33.016(b) provides:

 Each liable defendant is entitled to contribution from each person who is not
a settling person and who is liable to the claimant for a percentage of
responsibility but from whom the claimant seeks no relief at the time of
submission. A party may assert this contribution right against any such person
as a contribution defendant in the claimant's action.


(emphasis added). The provision does not say that the claim must or shall be brought in the
claimant's action. The use of the word "may" in the statute suggests the contribution
claimant has discretion to assert the contribution right in the primary lawsuit. See generally
Tex. Gov't Code Ann. § 311.016(1) (Vernon 1998). And prior section 33.004, the section
permitting timely joinder of a responsible third party not sued by claimant, provides in part
that "[n]othing in this section shall affect the third-party practice as previously recognized
in the rules and statutes of this state with regard to the assertion by a defendant of rights to
contribution or indemnity." (2) For various reasons, joinder of every joint tortfeasor in the
primary lawsuit may not be possible or even desirable in the view of the parties or of the
court. We see nothing in the applicable provisions of Chapter 33 requiring that a
contribution claim be asserted in the primary lawsuit, or precluding a post-judgment
contribution claim against a joint tortfeasor who was not a party to the primary lawsuit. 

 Another court has said the issue of whether a separate contribution lawsuit may be
filed is not settled, and a party would have to "gamble on how a court considering a later
contribution action might rule on the issue." In re Arthur Andersen, 121 S.W.3d at 485. The
Andersen court reasoned that, even if a separate lawsuit against a third party could be
prosecuted, the defendant should not be denied the right to have one jury apportion liability. 
Id. at 485-86. Given the potential waste of resources, combined with the possibility the
defendant may not be able to prosecute a separate lawsuit or successfully appeal, the court
concluded the defendant in that case had no adequate remedy at law, and granted mandamus
relief compelling the trial court to permit joinder of third parties. Id. 

 In certain circumstances, as in Andersen, an appeal may be an inadequate legal
remedy, but we conclude the complaint in this case can be addressed on appeal and a new
trial ordered if necessary. As the Andersen court said, "The additional expense and effort of
preparing for and participating in two separate trials does not, standing alone, justify
mandamus relief." Id. at 486. Even without a new trial in this case, a separate post-judgment
lawsuit for contribution is an available remedy. 

 The Supreme Court's reasoning in Ingersoll-Rand Co. v. Valero Energy Corp., 997
S.W.2d 203, 208 (Tex. 1999), dealing with a contractual indemnity claim, provides some
additional guidance here, although the Court did not address the questions we decide. The
Supreme Court in Valero stated, "In a suit for either contribution or indemnity the injury
upon which suit might be based does not arise until some liability is established. In this case,
as in a contribution claim against a joint tort-feasor, liability could not have been established
until judgment was rendered." Id. 

 Though the Martins have attempted properly to join Tiedemann as an alleged
responsible third-party defendant in this lawsuit within the statute of limitations applicable
to Bigham's claim, substantial delay in the final resolution of their claim may result from
requiring a second trial to determine Tiedemann's responsibility. A second trial also will
impose additional expense, and will likely occur after limitations would bar a claim by
Bigham against Tiedemann. However, these considerations without more do not make the
legal remedy inadequate. See generally Walker v. Packer, 827 S.W.2d 833, 842 (Tex. 1992)
(an appellate remedy is not inadequate merely because it may involve more expense or delay
than obtaining an extraordinary writ); Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 60
(Tex. 1991). The injury on which the contribution claim against Tiedemann might be based
will not arise unless and until liability is established against the Martins. No contribution
claim may be necessary, but if the Martins' liability is established by the trial court, the error
asserted here may be raised on appeal and a new trial requested. 

 A writ of mandamus is an extraordinary writ which is not available if an adequate 
legal remedy exists. Because the Martins have an adequate legal remedy, the petition for writ
of mandamus must be denied.

 WRIT DENIED.

 _________________________________

 DAVID B. GAULTNEY

 Justice

 


Submitted on March 11, 2004

Opinion Delivered May 13, 2004 


Before McKeithen, C.J., Burgess and Gaultney, JJ. 
1. Bigham filed the lawsuit on August 6, 2002. The version of Chapter 33 of the Texas
Civil Procedure and Remedies Code in effect at the time of the child's death is found in the
Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, secs. 33.001-33.017, 1995 Tex. Gen. Laws
971, 972-75 (amended 2003)(current version at Tex. Civ. Prac. & Rem. Code Ann. §§
33.001-33.017 (Vernon 1997 & Supp. 2004)). All references to Chapter 33 in this opinion
are to the prior version of the Act.
2. With minor changes, this provision remains in the current statute. See Tex. Civ.
Prac. & Rem. Code § 33.004(b) (Vernon Supp. 2004).