# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00493-CV

**Terry James Cunningham, Appellant**

**v.**

**Ariane Ansorena-Cunningham, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-FM-07-004785, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Terry James Cunningham brought a suit affecting the parent-child relationship (SAPCR) seeking to be named joint managing conservator of T.D.C. and A.A.C. The trial court dismissed the SAPCR on the basis that Cunningham, a non-parent, lacked standing. We will affirm the trial court's order of dismissal.

## BACKGROUND

Cunningham and Ariane Ansorena-Cunningham were divorced on December 15, 1999. At that time, no children had been born of the marriage and Ansorena-Cunningham was not pregnant. On December 29, 1999, Ansorena-Cunningham was artificially inseminated with sperm from an anonymous donor and became pregnant with twins. The children, T.D.C. and A.A.C., were born on August 28, 2000. According to Cunningham, he and his ex-wife

continued to live together after their divorce and he assumed the role of the children's father until the couple separated "on or about December 15, 2006."

Nine months after the separation, on September 18, 2007, Cunningham filed his Original Petition for Divorce alleging that he and Ansorena-Cunningham had been in a common-law marriage since December 1999; in the petition, he sought to be named joint managing conservator of T.D.C. and A.A.C. Ansorena-Cunningham filed a motion to dismiss Cunningham's SAPCR for lack of standing. By his second amended divorce petition, Cunningham asserted that he had standing to bring the SAPCR because he is "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." *See* Tex. Fam. Code Ann. § 102.003(a)(9) (West 2008). Alternatively, he pleaded that he had standing under the common law doctrine of *in loco parentis*. After a hearing, the trial court entered an order of dismissal and severed the SAPCR from the divorce action, making it a final, appealable order.

On appeal, Cunningham argues by two issues that the trial court erred in determining that he lacked standing under section 102.003 of the family code and misapplied the doctrine of *in loco parentis*.

## STANDARD OF REVIEW

Standing is a component of subject-matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). Whether a court has subject-matter jurisdiction is a question of law subject to de novo review. *Texas Natural Res. Conservation Comm'n v. IT-Davy*,

2

74 S.W.3d 849, 855 (Tex. 2002). In an original suit affecting the parent-child relationship in which the petitioner seeks managing conservatorship, the question of standing is a threshold issue. *In re M.P.B.*, 257 S.W.3d 804, 808 (Tex. App.—Dallas 2008, no pet.). A petitioner seeking managing conservatorship has the burden to prove standing. *See In re Smith*, 262 S.W.3d 463, 465 (Tex. App.—Beaumont 2008, orig. proceeding). The Texas Legislature has provided a comprehensive statutory framework for conferring standing in the context of suits involving the parent-child relationship. *See* Tex. Fam. Code Ann. §§ 102.003, .0035, .004, .0045, .006 (West 2008). In reviewing a trial court's order on a motion to dismiss for lack of standing, we consider the issue as we would in a plea to the jurisdiction, construing the pleadings in favor of the plaintiff. *See Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001).

## DISCUSSION

In his first issue, Cunningham argues that he had standing to bring the SAPCR under section 102.003 of the family code, which provides in relevant part that a person may bring suit if he has had "actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." Tex. Fam. Code Ann. § 102.003(a)(9); *In re Derzapf*, 219 S.W.3d 327, 332 n.9 (Tex. 2007). The purpose of section 102.003(a)(9) is to create standing for those who have developed and maintained a relationship with a child over time. *T.W.E. v. K.M.E.*, 828 S.W.2d 806, 808 (Tex. App.—San Antonio 1992, no writ) (examining former family code section 11.03(a)(8)); *see Coons-Andersen v. Andersen*, 104 S.W.3d 630, 636 (Tex. App.—Dallas 2003, no pet.).

3

In his second amended petition, Cunningham pleaded that he and Ansorena-Cunningham "ceased to live together as husband and wife on or about December 15, 2006." Even assuming that Cunningham actually exercised care, custody, or possession over the children while he purportedly lived with Ansorena-Cunningham from December 1999 until December 15, 2006, he did not allege—and the record contains no evidence—that the children were in his care, custody, or possession after that time.[1] Therefore, Cunningham failed to meet his burden of showing that he had actual care, custody, or possession of the children during a six-month period ending not more than 90 days before he filed suit. *See Smith*, 262 S.W.3d at 465. On the contrary, his pleadings establish that he last resided with the children more than nine months before he filed suit in September 2007, and he produced no evidence that he had care, custody, or possession of the children once he no longer lived with Ansorena-Cunningham. We overrule Cunningham's first issue.

By his second issue, Cunningham argues that the trial court erred in determining that he lacked standing under the doctrine of *in loco parentis*. The phrase means "in the place of a parent" and "refers to a relationship a person assumes toward a child not his or her own."

---

[1] In his brief, Cunningham states that he saw the children in August 2007, when he spent "several days" with them celebrating their birthday, citing testimony allegedly presented at a hearing on February 25, 2008. The transcript of this hearing does not appear in the appellate record and cannot be considered on appeal. *See Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) (appellate court cannot look outside trial court's record in effort to discover relevant facts). Even if we could consider such testimony, however, it does not establish that he had actual care, custody, or possession of the children for a period of six months, as required by statute. *See* Tex. Fam. Code Ann. § 102.003(a)(9) (West 2008). Cunningham cites no other evidence regarding his purported possession of the children during the 90 days immediately prior to his filing suit.

*Coons-Andersen*, 104 S.W.3d at 634-35. Under common law, a person *in loco parentis* to a child had the same rights, duties, and liabilities as the child's parents. *See McDonald v. Texas Employers' Ins. Ass'n*, 267 S.W. 1074, 1076 (Tex. Civ. App.—Dallas 1924, writ ref'd). These rights may include, in appropriate circumstances, having standing as a party in a lawsuit involving custody of the child. *Trotter v. Pollan*, 311 S.W.2d 723, 729 (Tex. Civ. App.—Dallas 1958, writ ref'd n.r.e.) (op. on reh'g) (persons *in loco parentis* have "existing justiciable interest" in controversy involving custody of child). As noted by the court in *Coons-Andersen*, however, "Texas courts have never applied the common law doctrine of in loco parentis to grant custodial or visitation rights to a non-parent, against the parent's wishes, when the parent maintains actual custody of the child." 104 S.W.3d at 635. "The defining characteristic of the relationship is actual care and control of a child by a non-parent who assumes parental duties." *Id.* The relationship generally occurs only when a parent is unwilling or unable to care for the child. *Id.*; *see also In re K.K.C.*, No. 09-09-00131-CV, 2009 Tex. App. LEXIS 5431, at *15 (Tex. App.—Beaumont July 16, 2009, orig. proceeding).

Cunningham, having failed to prove that he had actual care and control of the children for purposes of establishing standing under section 102.003 of the family code, fails for the same reason to show that the *in loco parentis* doctrine applies here. *See Coons-Andersen*, 104 S.W.3d at 636 (noting that family code section 102.003(a)(9) "is in complete harmony" with and "actually embraces" doctrine of *in loco parentis*). Because Cunningham no longer resided with the children and there is no evidence that the children were in his care at the time he filed suit, he did not stand *in loco parentis* to T.D.C. and A.A.C. for purposes of bringing the SAPCR.

*See id.* at 635-36 ("The common law relationship is temporary and ends when the child is no longer under the care of the person *in loco parentis*. . . . [W]e reject the notion that [appellee's] possible status as a person *in loco parentis* continued past the time the child moved out of her house.").[2] We overrule Cunningham's second issue.

## CONCLUSION

We hold that Cunningham did not prove standing under section 102.003(a)(9) of the family code or the common-law doctrine of *in loco parentis*. We therefore affirm the trial court's order of dismissal.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: August 26, 2009

_____

[2] In his brief, Cunningham cites cases discussing the doctrine of *in loco parentis* in various other contexts. *See Rey v. State*, 238 S.W.3d 840 (Tex. App.—Amarillo 2007) (grafting *in loco parentis* requirement onto penal statute describing offense of child abandonment), *rev'd*, 280 S.W.3d 265 (Tex. Crim. App. 2009); *McGee v. McGee*, 936 S.W.2d 360 (Tex. App.—Waco 1996, writ denied) (extending parental immunity to parent standing *in loco parentis*); *Nelson v. Nelson*, 334 S.W.2d 482 (Tex. Civ. App.—Waco 1959, no writ) (noting, without further comment, trial court's finding that father stood *in loco parentis* to stepson in discussion of former dependent and neglected child statute). These cases do not stand for the proposition that someone who was at one time *in loco parentis*, but is no longer, may maintain a custody lawsuit against a child's parent.