329 S.W.3d 893 (2010)
In re D.G. & C.G., Relators.
No. 14-10-00754-CV.
Court of Appeals of Texas, Houston (14th Dist.).
December 9, 2010.
*894 Elizabeth Jameossanaie, Houston, for relators.
Gregory Rincon, Pearland, for real party in interest.
Panel consists of Justices ANDERSON, SEYMORE, and BROWN.

OPINION
JOHN S. ANDERSON, Justice.
On August 11, 2010, relators, D.G. and C.G., filed a petition for writ of mandamus in this court. See Tex. Gov't Code Ann. § 22.221 (West 2004); see also Tex.R.App. P. 52. In the petition, relators ask this Court to compel the Honorable Annette Kuntz, presiding judge of the 245th District Court of Harris County, to set aside her March 15, 2010 order granting standing to real party in interest, Hector Cantu, to adopt. We conditionally grant the petition.

BACKGROUND
E.R.G. was born in 2001 during the marriage of her mother, Sophia, to Emilio Huante. Sophia and Huante's marriage was declared void in March 2002 because Huante had an existing marriage to another person that had not been dissolved by legal action or terminated by the death of the other spouse at the time of his marriage to Sophia. Huante's parental rights to E.R.G. were terminated. Sophia was named E.R.G.'s managing conservator and relators, who are Sophia's parents and E.R.G.'s grandparents, were named possessory conservators.
Sophia married Hector in January 2003, when E.R.G. was sixteen months old. One child was born of the marriage between Sophia and Hector. Sophia and Hector separated in August 2007, and divorced in April 2009.
Hector filed an original petition for adoption on October 12, 2009, and a first amended original petition on March 2, 2010, alleging standing under Sections 102.005(5) and 162.001(b)(4) of the Texas Family Code.[1] On November 6, 2009, Sophia filed a plea in abatement, special exceptions, original answer, motion to dismiss, motion for sanctions, and request for attorney's fees. Similarly, on November 10, 2009, relators filed a plea in abatement, special exceptions, original answer, motion to dismiss, motion for sanctions, and request for attorney's fees. Relators and Sophia have not consented to Hector's adoption of E.R.G.
On March 8, 2010, the trial court held a hearing on the issue of standing. At the *895 end of the hearing, the trial court stated that it found there was substantial contact with the child and denied the motions to dismiss as related to section 102.005. The trial court also found there was actual care, possession, and control of the child and denied the motions to dismiss as related to section 162.001. The court further denied the pleas in abatement.
On March 15, 2010, the trial court signed the order granting Hector standing to adopt and denying the pleas in abatement, special exceptions, motions to dismiss, motions for sanctions, and requests for attorney's fees. In the order, the trial court found: (1) Hector has standing to file this original suit requesting adoption of E.R.G. under sections 102.005 and 162.001, (2) Hector is an adult who had substantial past contact with the child sufficient to warrant standing under section 102.005(5), and (3) Hector is an adult who may petition to adopt the child as a person having had actual care, possession, and control of E.R.G. for a period of one year preceding the adoption under section 162.001(b)(4).
On May 5, 2010, relators filed a first amended motion for reconsideration and rehearing of their motion to dismiss, which the trial court denied on May 17, 2010. In this original proceeding, relators request that we compel the trial court to set aside the March 15, 2010 order granting Hector standing to adopt.

STANDARD OF REVIEW
To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and there is no adequate remedy by appeal. In re Laibe Corp., 307 S.W.3d 314, 316 (Tex.2010) (orig. proceeding) (per curiam). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. In re Columbia Med. Ctr. of Las Colinas, 306 S.W.3d 246, 248 (Tex.2010) (orig. proceeding) (per curiam); In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding) (per curiam). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. In re BP Prods. N. Am., Inc., 244 S.W.3d 840, 845 (Tex.2008) (orig. proceeding).
Standing is implicit in the concept of subject-matter jurisdiction. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.1993). Standing is a question of law reviewed de novo. Id.

ANALYSIS
Relators contend that Hector has not shown that he has standing under either section 102.005(5) or section 162.001(b)(4).[2] Section 102.005, entitled "Standing to Request *896 Termination and Adoption," provides the following, in relevant part:
An original suit requesting only an adoption or for termination of the parent-child relationship joined with a petition for adoption may be filed by:
* * *
(5) another adult whom the court determines to have had substantial past contact with the child sufficient to warrant standing to do so.
Tex. Fam.Code Ann. § 102.005(5).
Relators argue that Hector did not meet the "substantial past contact" standard under section 102.005(5). What constitutes "substantial past contact" is not statutorily defined. In the Interest of C.M.C., 192 S.W.3d 866, 871 (Tex.App.-Texarkana 2006, no pet.). "Substantial" is generally defined as "`of ample or considerable amount quantity, size, etc.'" Id. at 872 (quoting RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1897 (2nd ed.1987)). "Substantial past contact" does not require control over the child. Rodarte v. Cox, 828 S.W.2d 65, 70 (Tex.App.-Tyler 1991, writ denied). Relators contend that substantial past contact should be limited to "recent" contact. However, we need not address this assertion, because, as explained below, Hector must meet requirements as a person who may petition to adopt set forth in section 162.001(b)(4), which he has failed do.
Section 162.001, entitled "Who May Adopt and be Adopted," states the following, in relevant part:
(a) Subject to the requirements for standing to sue in Chapter 102, an adult may petition to adopt a child who may be adopted.
(b) A child residing in this state may be adopted if:
* * *
(4) the child is at least two years old, the parent-child relationship has been terminated with respect to one parent, and the person seeking the adoption is the child's former stepparent and has been a managing conservator or has had actual care, possession, and control of the child for a period of one year preceding the adoption.
Tex. Fam.Code Ann. § 162.001(a), (b)(4).
Relators argue that standing does not exist under section 162.001(b)(4) because Hector was not a managing conservator and he did not have "actual care, control, and possession" of the child for one year prior to the filing of his petition to adopt. Relators admit that there were occasions where Hector was with the child after the separation; however, they contend such access or possession was minimal and did not reach the level of actual care, possession, and control.[3] We agree.
It is not disputed that Hector has not been a managing conservator. Therefore, as applicable here, section 162.001(b)(4) requires that Hector to have had "actual *897 care, possession, and control of the child for a period of one year preceding the adoption." Id. § 162.001(b)(4). While "actual care, possession, and control" has not been addressed with regard to section 162.001(b)(4), this phrase has been addressed with regard to standing to file an original suit affecting the parent-child relationship under Section 102.003(a)(9) of the Family Code.[4]See, e.g., In re K.K.C., 292 S.W.3d 788, 792-93 (Tex.App.-Beaumont 2009, orig. proceeding) (addressing "actual care, control, and possession" in section 102.003(a)(9)); In re Kelso, 266 S.W.3d 586, 590-91 (Tex.App.-Fort Worth 2008, orig. proceeding) (same); Coons-Andersen v. Andersen, 104 S.W.3d 630, 634 (Tex. App.-Dallas 2003, no pet.) (same). "Control" means more than the control implicit in having care and possession of the child. In re K.K.C., 292 S.W.3d at 792.
Hector testified that he interacted with E.R.G. more than 30 times between the time of the separation in August 2007 until the end of 2009. He continued to pick up E.R.G. from daycare with his son in 2008. Hector took E.R.G. to church in 2008, without Sophia being present. Hector had E.R.G. for 12 hours in April 2008, at his college graduation. The last time Hector had possession of E.R.G. without Sophia's presence was during the summer of 2008. E.R.G. has not stayed overnight with Hector since the separation. This is not sufficient to establish that Hector had actual care, possession, and control of E.R.G. for a period of one year preceding the adoption. See Coons-Andersen, 104 S.W.3d at 634 (holding that occasional visitation or possession of a child is not actual care, control, and possession); see also In re Kelso, 266 S.W.3d at 590-91 (holding, because evidence did not show that relator voluntarily relinquished permanent care, control, and possession of child to real parties in interest for six months preceding their filing suit, they did not meet burden of proving standing to bring original suit seeking managing conservatorship). Therefore, the trial court abused its discretion in finding that Hector had actual care, possession, and control over E.R.G. for a period of one year preceding the adoption under section 162.001(b)(4).
We further conclude, because relators challenge the trial court's jurisdiction over this matter, mandamus is appropriate. Cf. In re Smith, 262 S.W.3d 463, 467 (Tex. App.-Beaumont 2008, orig. proceeding [mand. denied]) (granting mandamus relief to compel trial court to set aside its order naming real party in interest joint managing conservator because she had no standing to file petition in suit affecting parent-child relationship and its subsequent temporary orders); In re Mata, 212 S.W.3d 597, 604 (Tex.App.-Austin 2006, orig. proceeding) (holding, because temporary orders are not subject to interlocutory appeal under Family Code and because there is need to resolve issues related to child custody quickly, courts have held that mandamus is appropriate vehicle to challenge lack of jurisdiction in child custody matters.).

CONCLUSION
We conclude that the trial court abused its discretion by granting Hector's petition for standing to adopt. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its March 15, 2010 order. The writ will issue only if the trial court fails to act in accordance with this opinion. The stay imposed by this court's order on August 16, 2010, is lifted.
NOTES
[1] See Tex. Fam.Code Ann. § 102.005(5) (West Supp.2009); Tex. Fam.Code Ann. § 162.001(b)(4) (West Supp.2009).
[2] As an initial matter, Hector contends that laches bars mandamus relief because, although the trial court signed the standing order on March 15, 2010, relators waited until August 2010, to file their petition for writ of mandamus in this court. Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles. In re Int'l Profit Assocs., Inc., 274 S.W.3d 672, 676 (Tex.2009) (orig. proceeding) (per curiam). A delay in the filing of a petition for writ of mandamus may waive the right to mandamus unless the relator can justify the delay. Id. Between the time the trial court signed the standing order and the relators filed their petition for writ of mandamus in this court, they filed a motion requesting that the trial court reconsider its order. See In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam) ("A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request."). Therefore, the record does not reflect that relators unjustifiably delayed the filing of their petition in this court.
[3] In his response to relators' petition for writ of mandamus, Hector now argues that section 162.001(b)(3) is applicable. See Tex. Fam. Code Ann. § 162.001(b)(3). Hector did not plead, and the trial court did not find, that he is an adult who may adopt E.R.G. pursuant to section 162.001(b)(3). Instead, in his first amended petition original petition for adoption, Hector specifically pleaded that he has standing to adopt E.R.G. based on sections 102.005(5) and 162.001(b)(4). At the hearing, all arguments by the parties focused on either section 102.005(5) or section 162.001(b)(4). The trial court specifically found that Hector "is an adult who may petition to adopt the child made the basis of this suit as a person having had actual care, possession, and control of the child for a period of one year preceding the adoption, as established by § 162.001(b)(4) of the Texas Family Code." Therefore, we do not consider Hector's section 162.001(b)(3) argument.
[4] See Tex. Fam.Code Ann. § 102.003(a)(9) (West Supp.2009).