**AFFIRMED and Opinion Filed October 13, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00523-CV

### IN THE INTEREST OF D.L.D., A CHILD

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-30045-2015**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

Vickie Davis, maternal grandmother of D.L.D., appeals from the trial court's judgment naming the Texas Department of Family and Protective Services as the managing conservator of D.L.D. pending adoption of the child by Connie Stewart, the paternal grandmother and her husband, Jeff Stewart. (collectively "paternal grandparents"). In two issues, Vickie contends the trial court erred in (1) denying her motion for genetic testing of potential fathers of D.L.D. and (2) failing to offer a plan for rehabilitation to her and Maxey Davis, her husband and maternal grandfather. We affirm the trial court's judgment.

**Background**

D.L.D. was removed after her 40-day old brother died while in the possession of Mother. At the time, Mother was living with Vickie and Maxey, and D.L.D. slept with her grandparents. Drug testing for all except D.L.D. came back positive. D.L.D. was placed with her paternal

grandparents.  Although Mother and D.L.D.'s Father were not married, Father acknowledged paternity.

Seeking custody of D.L.D., Vickie intervened in the lawsuit filed by the Department of Family and Protective Services and also filed a motion for genetic testing.  The motion was denied for lack of standing.  Mother and Father relinquished their parental rights.  Vickie entered into a partial mediated settlement agreement (MSA) providing that the Department is to be named managing conservator pending adoption of D.L.D. by the paternal grandparents.  If for some reason the adoption is not finalized, the paternal grandparents are to be named permanent managing conservators.  Also under the MSA, the maternal grandparents are to have continued visitation with D.L.D. and the visitation  is to be incorporated into the adoption decree.  The trial court terminated the parental rights of Mother and Father and entered judgment in accordance with the MSA.  Vickie timely appealed.

## Genetic Testing

In her first issue, Vickie contends the trial court erred in denying her motion for genetic testing of potential fathers of D.L.D.  The trial court stated on the record that she denied the motion because Vickie lacked standing.

A party's standing to pursue and maintain a cause of action is a question of law.  *See Coons–Andersen v. Andersen,* 104 S.W.3d 630, 634 (Tex. App.—Dallas 2003, no pet.).  We review the question of standing de novo.  *See id.*  When standing has been statutorily conferred, the statute itself serves as the proper framework for a standing analysis.  *See Everett v. TK–Taito, L.L.C.,* 178 S.W.3d 844, 851 (Tex. App.—Fort Worth 2005, no pet.).  The party seeking relief must allege and establish standing within the parameters of the language used in the statute.  *See id.*

The Texas Family Code provides for mandatory genetic testing and contains a list of the individuals and entities who have standing to pursue such an action. *See* TEX. FAM. CODE ANN. §§ 160.502(a); 160.602(a) (West 2014). A party must be entitled to maintain a proceeding to adjudicate parentage as set out in the family code before a trial court can order genetic testing. *See* TEX. FAM. CODE ANN. § 160.502(a); *In re Rodriguez*, 248 S.W.3d 444, 450-51 (Tex. App.— Dallas 2008, orig. proceeding). Section 160.602 enumerates the following persons who may adjudicate parentage: (1) the child; (2) the mother of the child; (3) a man whose paternity is to be adjudicated; (4) a support enforcement agency or other government agency authorized by other law; (5) an authorized adoption or child-placement agency; (6) an authorized representative of an incapacitated or deceased person or minor who would otherwise be entitled to maintain a proceeding; (7) a person closely related to a deceased mother; and (8) an intended parent. *See* TEX. FAM. CODE ANN. § 160.602(a)(1)-(8).

Vickie contends that she had standing under section 102.004 of the family code. *See* TEX. FAM. CODE ANN. § 102.004 (West 2014). Vickie's reliance on section 102.004 is misplaced. Section 102.004 concerns standing of a grandparent to seek conservatorship of a grandchild. This section does not provide Vickie with standing to seek an order for genetic testing.

As set forth above, standing to adjudicate parentage is governed by section 160.602(a). Vickie does not fall within any of the enumerated categories of persons who may adjudicate parentage. For this reason, we conclude Vickie lacked standing to request an order for genetic testing and, therefore, the trial court did not err in denying her motion for genetic testing of potential fathers. We overrule Vickie's first issue.

## Custody

In her second issue, Vickie contends the trial court erred in "failing to offer a roadmap for the maternal grandparents of D.L.D. to rehabilitate themselves." We construe this issue as a complaint that the trial court erred in not awarding custody of D.L.D. to her. As noted above, Vickie entered into the MSA as to the conservatorship of D.L.D. and visitation.

Texas has a policy of encouraging "the peaceable resolution of disputes" particularly in disputes involving the parent-child relationship. *In re Lee,* 411 S.W.3d 445, 448 (Tex. 2013) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 154.002). In furtherance of that policy, a trial court may refer a suit affecting the parent-child relationship to mediation and, if a mediated settlement agreement is reached, must enter a judgment on the agreement without inquiry into whether it is in the best interest of a child. *See* TEX. FAM. CODE ANN. § 153.0071(c) (West 2014); *Lee,* 411 S.W.3d at 447. Pursuant to section 153.0071 of the Texas Family Code, a mediated settlement agreement is binding on the parties if the agreement:

> (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;
>
> (2) is signed by each party to the agreement; and
>
> (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

TEX. FAM. CODE ANN. § 153.0071(d), (e) (West 2014). A party is entitled to judgment on a mediated settlement agreement if it meets subsection (d)'s requirements without regard to whether it is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 153.0071(e); *Lee,* 411 S.W.3d at 447. A trial court may only decline to enter judgment on a mediated settlement agreement if it finds that a party to the agreement was a victim of domestic violence, the violence impaired the party's ability to make decisions, and the agreement is not in the child's best

interest.  TEX. FAM. CODE ANN. § 153.0071(e–1); *In re Lee*, 411 S.W.3d 445, 451–52 (Tex. 2013).

The Court signed an agreed order of referral to mediation.  Counsel for all parties signed the order.  Vickie and her attorney signed the MSA that prominently stated: "THIS AGREEMENT IS NOT SUBJECT TO REVOCATION."  Pursuant to the MSA, Vickie agreed that she and Maxey would not be appointed conservators of D.L.D., the paternal grandparents would adopt D.L.D. and, if for some reason adoption could not be finalized, the paternal grandparents would become the permanent managing conservators of D.L.D., and that she and Maxey would have continued visitation with D.L.D. as set forth in the MSA.  At the hearing in the trial court, Vickie testified that the MSA was in D.L.D.'s best interest.  Vickie has not alleged that she was a victim of domestic violence and that the violence impaired her ability to make decisions, the sole basis on which a trial court may decline to enter judgment on a mediated settlement agreement.  *See* TEX. FAM. CODE ANN. § 153.0071(e–1); *In re Lee*, 411 S.W.3d at 452.

Because the MSA met the requirements for entry of judgment thereon and Vickie did not allege facts within the exception of entering judgment pursuant to the MSA, we conclude the trial court did not err in entering judgment in accordance with the MSA.  We overrule Vickie's second issue.

We affirm the trial court's judgment.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

160523F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF D.L.D., A CHILD

No. 05-16-00523-CV

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-30045-2015.
Opinion delivered by Chief Justice Wright. Justices Lang-Miers and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee the Texas Department of Family and Protective Services recover its costs of this appeal from appellant Vickie Davis.

Judgment entered October 13, 2016.