In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-08-268 CV


 ______________________



IN RE CHARLENA RENEE SMITH


 




Original Proceeding







OPINION

 Relator Charlena Renee Smith filed a petition for writ of mandamus seeking to compel
the trial court to vacate a 2002 order naming Sheila Renee Haley joint managing conservator
of Smith's children, and to vacate 2008 temporary orders giving Haley access to and
supervision of Smith's children. We conditionally grant mandamus relief.

 Smith gave birth to twins conceived by artificial insemination from an anonymous
donor. On September 16, 2002, when the twins were four months old, Smith and Haley filed
a joint SAPCR petition. (1) The trial court signed an "Agreed Order in Suit Affecting the
Parent-Child Relationship" in October 2002, when the twins were five months old. The
order appointed Smith and Haley joint managing conservators, gave them "equal possession
of the children at all times[,]" and provided "that no stated provisions for possession and
access are necessary in light of the fact that the parties cohabitate in the same primary
residence."

 Haley and Smith separated on February 12, 2008. Smith filed a motion to vacate the
agreed order on February 13, 2008, and Haley filed a petition to modify the order. The trial
court entered an "interim order" and later temporary orders. After the trial court denied
Smith's motion to vacate, she filed this petition for writ of mandamus. 

 Smith argues the 2002 agreed order naming Haley as joint managing conservator is
void because Haley lacked standing. See In re SSJ-J, 153 S.W.3d 132, 134 (Tex. App.-- San
Antonio 2004, no pet.). A component of subject matter jurisdiction, standing is a
constitutional prerequisite to maintaining a suit under Texas law. Tex. Ass'n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993); Dep't of Family & Protective Servs.
v. Alternatives in Motion, 210 S.W.3d 794, 799 (Tex. App.--Houston [1st Dist.) 2006, pet.
denied). Standing requires that there be "a) a real controversy between the parties, which b)
will be actually determined by the judicial declaration sought." Tex. Workers' Comp.
Comm'n v. Garcia, 893 S.W.2d 504, 517-18 (Tex. 1995). A party's standing to pursue a
cause of action is reviewed de novo. In re C.R.P., 192 S.W.3d 823, 825 (Tex. App.--Fort
Worth 2006, no pet.). 

 In the context of suits involving the parent-child relationship, the Texas legislature has
provided a comprehensive statutory framework for standing. See Tex. Fam. Code Ann. §§
102.003, 102.0035, 102.004, 102.0045, 102.005, 102.006 (Vernon Supp. 2007); In re H.G.,
No. 04-07-00656-CV, 2008 WL 2355008, at *2 (Tex. App.--San Antonio, June 11, 2008, no
pet. h.). The petitioner has the burden of proof to show standing to initiate a suit affecting
the parent-child relationship that seeks managing conservatorship. Alternatives in Motion,
210 S.W.3d at 799. 

 Section 102.003 of the Family Code sets out who generally has standing to file a suit
affecting the parent-child relationship. See Tex. Fam. Code Ann. § 102.003. At the
February 2008 hearing on the temporary orders, Haley acknowledged she did not have
standing at the time of the 2002 order under subdivisions contained in section 102.003 at the
time the original petition was filed. (2) Specifically, Haley was not "a person, other than a
foster parent, who has had actual care, control, and possession of the child for at least six
months ending not more than 90 days preceding the date of the filing of the petition[.]" §
102.003(a)(9). When Haley and Smith filed the petition, the twins were four months old. 


 Haley's position appears to be that she is not required to establish standing for herself
because Smith's standing as the twins' mother was enough to confer jurisdiction upon the
trial court. Haley points out that she and Smith had a written agreement concerning
conservatorship that was incorporated into the agreed order. 

 Generally, Texas courts resolve controversies in an adversarial context between
parties who contest determinative facts or applicable law. See 1 Roy W. McDonald &
Elaine A. Grafton Carlson, Texas Civil Practice § 4.2 (2d. ed. 2004 & Supp. 2007-08). 
The Texas Constitution denies the judiciary the authority "to decide issues in the abstract .
. . ." See DaimlerChrysler Corp. v. Inman, 252 S.W.3d 299, 304 (Tex. 2008). That the
parties had no actual adverse interests in 2002, submitted for resolution by the court, is
evident from the order itself, which stated it did not and need not address possession and
access to the children. The 2002 order resolved no controversy between the parties, because
none existed. 


 Generally, a party cannot confer jurisdiction either by consent or agreement. See
generally Welder v. Fritz, 750 S.W.2d 930, 932 (Tex. App.--Corpus Christi 1988, no writ). 
The fact that parties behave as though the trial court has jurisdiction over the case does not
confer jurisdiction on a court. Haley relies on section 153.007(b) of the Family Code, which
provides that the court "shall render an order in accordance with the parenting plan." See
Tex. Fam. Code Ann. § 153.007(b) (Vernon Supp. 2007). (3) However, section 153.007(b)
presupposes standing, and Haley has not established standing under the Family Code's
general standing statute or under a more specific Family Code statute. (4) 

 Haley contends that equitable estoppel bars Smith from complaining about the trial
court's exercise of jurisdiction. Estoppel does not operate to prevent the setting aside of a
void order. See In re H.G., 2008 WL 2355008, at *3-4 (citing Tex. Ass'n of Bus., 852
S.W.2d at 444-45) ("Subject matter jurisdiction exists by operation of law and cannot be
conferred or taken away by consent or waiver."). In the SAPCR context, standing is
governed by the Family Code. See, for example, Tex. Fam. Code Ann. §§ 102.003,
102.0035, 102.004, 102.0045, 102.005 (Vernon Supp. 2007). "Parties are not entitled to
enter this forum and obtain relief, regardless of their individual or collective wishes, if [the
court does] not have jurisdiction of the case." Matter of Marriage of Johnson, 595 S.W.2d
900, 902 (Tex. Civ. App.--Amarillo 1980, writ dism'd w.o.j.). 

 Haley relies on Goodson v. Castellanos, 214 S.W.3d 741 (Tex. App.--Austin 2007,
pet. denied), a case involving adoption and a SAPCR. Goodson and Castellanos filed a joint
petition to adopt K.G. Id. at 744. The trial court granted the adoption. Id. When the
relationship between Goodson and Castellanos ended, Castellanos filed a suit affecting the
parent-child relationship. Id. at 745. Goodson contended the adoption order naming
Castellanos as a parent was void, and as a result Castellanos had no standing to file the
SAPCR petition. Id. at 746. The appellate court concluded that because district courts have
jurisdiction over adoptions, the trial court's issuance of the adoption decree did not run afoul
of the court's power to enter judgments. Id. at 748. The court further held that Goodson
could not attack the adoption order, because section 162.012 of the Family Code expressly
prohibits an attack on the validity of an adoption order "after six months after the date the
order was signed." Tex. Fam. Code Ann. § 162.012 (Vernon 2002); see Goodson, 214
S.W.3d at 748-49; see also Hobbs v. Van Stavern, 249 S.W.3d 1, 4 (Tex. App.--Houston [1st
Dist.] 2006, pet. denied). Unlike Goodson and Hobbs, the instant case does not involve an
adoption or statutory language that would prohibit a challenge to the October 2002 order. 

 Texas law requires that the person bringing a SAPCR suit meet one of the statutory
requirements in the general standing provision in section 102.003 or qualify under other
standing provisions in the Family Code. See Tex. Fam. Code Ann. §§ 102.003, 102.0035(a),
102.004, 102.0045, 102.005 (Vernon Supp. 2007). Standing must be established as to each
party bringing or joining in the suit. See generally In re Derzapf, 219 S.W.3d 327, 331-33
(Tex. 2007) (Maternal grandmother and stepgrandfather filed SAPCR grandparent access;
the Court analyzed standing issue for each individually, finding standing for one, but not the
other.). Haley cites no provision in the Family Code under which she had standing to file the
2002 SAPCR petition. 

 The trial court entered temporary orders after Haley filed a motion to modify the 2002
order. A trial court cannot modify a void order, however. See In re Bokeloh, 21 S.W.3d 784,
792-93 (Tex. App.--Houston [14th Dist.] 2000, orig. proceeding); see In re Garza, 126
S.W.3d 268, 271 (Tex. App.--San Antonio 2003, orig. proceeding) ("[A] party who agrees
to a void order has agreed to nothing."). Because the original SAPCR order is void, the
temporary orders arising out of the motion to modify the void order must be vacated. 

 The temporary orders are not supportable even if Haley's motion to modify the 2002
order is construed as an original SAPCR petition. Chapters 153 and 156 of the Family Code
set out distinct statutory schemes for original conservatorship determinations and
modification proceedings. In an original proceeding, there is a "rebuttable presumption that
the appointment of the parents of a child as joint managing conservators is in the best interest
of the child." See Tex. Fam. Code Ann. § 153.131(b) (Vernon 2002). The trial court shall
appoint a parent as sole managing conservator, unless the court finds that appointment of the
parent would not be in the best interest of the child because the appointment would
significantly impair the child's physical health or emotional development. Tex. Fam. Code
Ann. § 153.131(a); Lewelling v. Lewelling, 796 S.W.2d 164, 167 (Tex. 1990) (under a prior,
but similar version of the statute). "'[E]vidence that the non-parent would be a better
custodian' is insufficient to support the appointment of a non-parent as managing conservator
in preference to a parent." In re C.A.M.M., 243 S.W.3d 211, 215 (Tex. App.--Houston [14th
Dist.] 2007, pet. filed) (quoting Lewelling, 796 S.W.2d at 167). In contrast, in a modification
proceeding, the Texas Supreme Court has held that a non-parent is not required to prove that
a parental appointment would significantly impair the child, and there is no presumption in
favor of appointing the parent as managing conservator. See In re V.L.K., 24 S.W.3d 338,
341, 343 (Tex. 2000); In re C.A.M.M., 243 S.W.3d at 216-17; In re M.N.G., 113 S.W.3d 27,
29-31 (Tex. App.--Ft. Worth 2003, no pet.); but see Troxel v. Granville, 530 U.S. 57, 72-73,
120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); David F. Johnson, In re V.L.K. v. Troxel: Is the
"Best Interest" Standard in a Motion to Modify the Sole Managing Conservator Subject to
a Due Process or Due Course Challenge? 34 St. Mary's L.J. 623, 638-49 (2003). 

 The parental presumption statute, which applies to an original petition seeking
conservatorship, was amended in 2005 and reflects the influence of Troxel, 530 U.S. at 65;
In re Derzapf, 219 S.W.3d at 333. "'[T]he interest of parents in the care, custody, and
control of their children [] is perhaps the oldest of the fundamental liberty interests
recognized by' the courts." See In re Mata, 212 S.W.3d 597, 604-05 (Tex. App.--Austin
2006, orig. proceeding) (quoting Troxel, 530 U.S. at 65). "A mother's rights to 'the
companionship, care, custody, and management' of her child are constitutional interests 'far
more precious than any property right.'" In re Mata, 212 S.W.3d at 604 (quoting Santosky
v. Kramer, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982)). The trial court
"must accord significant weight to a fit parent's decision about the third parties with whom
his or her child should associate." In re Pensom, 126 S.W.3d 251, 256 (Tex. App.--San
Antonio 2003, orig. proceeding). "[S]o long as a parent adequately cares for his or her
children (i.e., is fit), there will normally be no reason for the State to inject itself into the
private realm of the family to further question the ability of that parent to make the best
decisions concerning the rearing of that parent's children." Troxel, 530 U.S. at 68-69; see
also In re Mays-Hooper, 189 S.W.3d 777, 778 (Tex. 2006). 

 Haley had the burden to overcome the parental presumption of section 153.131. Haley
did not plead that Smith was an unfit parent or that leaving the children with Smith would
significantly impair the child's physical health or emotional development. She pled
materially and substantially changed circumstances as grounds for the order. Haley attached
an affidavit stating that she was concerned for the well-being of the children, that an
acquaintance of Smith's used drugs, and that Smith "and certain members of her family have
a history of violence." In issuing the temporary orders, the trial court made no finding that
Smith was an unfit parent or that she would significantly impair the children's physical health
or emotional development. To the contrary, the 2008 order provides for Smith and Haley to
rotate possession and access to the children. Without a determination that Smith is an unfit
parent or is endangering the children, the trial court abused its discretion in substituting its
judgment for the parent's judgment. In re Mata, 212 S.W.3d at 605 (citing In re Aubin, 29
S.W.3d 199, 203 (Tex. App.--Beaumont 2000, orig. proceeding)). Mandamus relief is
appropriate in these circumstances. See In re Derzapf, 219 S.W.3d at 335. (5)
 

 We conditionally grant Smith's petition for writ of mandamus and direct the trial court
to vacate its orders of October 23, 2002, and March 11, 2008. The writ will issue only if the
trial court fails to take appropriate action in accordance with this opinion. 

 PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED. 

 PER CURIAM 

 

Submitted on June 30, 2008

Opinion Delivered August 14, 2008 


Before McKeithen, C.J., Gaultney and Horton, JJ.

1. Suit Affecting Parent-Child Relationship. A few years later, Haley gave birth to a
son conceived by donation from the same anonymous donor. No SAPCR petition was filed
regarding this child.
2. Section 102.003(a)(14) was not added to the statute until 2003. 
3. A prior version of the statute used the term "agreement" rather than "agreed parenting
plan." See Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 153.007, 1995 Tex. Gen.
Laws 113, 147, (amended 1995, 2005) (current version at Tex. Fam. Code Ann. § 153.007
(Vernon Supp. 2007)). 
4. An exception to the general rule --- that a party cannot confer standing on another --- 

is found in section 102.0035(a) of the Family Code, which provides that a "pregnant woman
or a parent of a child may execute a statement to confer standing to a prospective adoptive
parent as provided by this section to assert standing under Section 102.003(a)(14)." Tex.
Fam. Code Ann. § 102.0035(a) (Vernon Supp. 2007). The Legislature did not add section
102.0035 or 102.003(a)(14) to the Family Code until 2003. In any event, this case does not
involve adoption. The exception does not apply to the October 2002 order. 
5. After the temporary orders were signed, Haley filed a request for modification of the
temporary orders in which she alleged that "[r]espondent has a history or pattern of
committing family violence, and endangering and/or neglecting the children[.]" Haley asks
that she be appointed sole managing conservator of Smith's children. Haley also asks that
the request be treated as an original suit affecting the parent-child relationship in the event
Smith's mandamus action is successful. We do not address this request as it is not the
subject of this mandamus proceeding and has not been ruled on by the trial court.