[No. E045331. Fourth Dist., Div. Two. June 19, 2009.]

In re A.S., a Person Coming Under the Juvenile Court Law.
M.S., Plaintiff and Appellant, v.
RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,
Defendant and Respondent.

**COUNSEL**

Konrad S. Lee, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Joe S. Rank, County Counsel, and Prabhath D. Shettigar, Deputy County Counsel, for Defendant and Respondent.

John L. Dodd, under appointment by the Court of Appeal, for Minor.

**OPINION**

**McKINSTER, J.**—M.S., plaintiff and appellant, is the father of A.S., the subject of a Welfare and Institutions Code section 300[1] petition that Riverside County Department of Public Social Services (DPSS) filed on August 4, 2000, after A.S.'s mother claimed that M.S. (hereafter father) had physically abused her and then eight-month-old A.S.

Father made admissions that he had hit A.S. to get her to stop crying, but not hard enough to cause injury. He also admitted to tying the baby's arms down to keep her from putting her hands in her mouth. At the combined jurisdiction and disposition hearing held on November 28, 2000, father

---

[1] All further statutory references are to the Welfare and Institutions Code unless indicated otherwise.

submitted on the jurisdictional reports. The juvenile court sustained the petition, declared A.S. a dependent of the court, and ordered reunification services for father.

The juvenile court eventually returned A.S. to her mother's custody. On March 29, 2001, DPSS submitted an ex parte request to terminate jurisdiction. Without conducting a hearing the court terminated jurisdiction and ordered no contact between father and A.S. Father appealed. On December 27, 2001, we reversed the order terminating jurisdiction in case No. E029589[2] and remanded the matter for a hearing regarding termination of jurisdiction. On May 10, 2002, DPSS filed a section 388 petition in which it requested termination of the dependency with a family law order granting custody to mother and visitation to father. On July 18, 2002, father stipulated to termination of the dependency after the filing of a family law order giving legal and physical custody to mother and visitation to him. Later, father sought to rescind his agreement. On August 18, 2002, the juvenile court denied his motion to set aside his stipulation, made family law exit orders, and dismissed the dependency. Father appealed (case No. E032341). Father's counsel filed a brief under authority of *In re Sade C.* (1996) 13 Cal.4th 952 [55 Cal.Rptr.2d 771, 920 P.2d 716]. On March 18, 2003, this court affirmed after conducting a review of the entire record.

In the meantime, on December 26, 2002, father, in pro se, filed a petition pursuant to section 388, seeking to overturn all orders of the juvenile court from detention forward and to obtain relief from the stipulated agreement based on an alleged improper relationship between the judge who had presided over the case and counsel for DPSS. Following a hearing on February 13, 2003, the court denied the petition on the grounds that father had knowingly entered into the stipulation and that he had not shown good cause to reopen the dependency. The juvenile court indicated that it was no longer involved and the case was a family law matter now. Father appealed (case No. E033224) and his attorney again filed a brief under the authority of *In re Sade C.* This court again affirmed the order after conducting the required review of the entire record.

In May of 2008, six years after the juvenile court had terminated the dependency, father filed a section 388 petition asking the juvenile court to set aside its original jurisdiction findings because father claimed to have new evidence showing (1) the judge who made those findings had "made inappropriate romantic advances" toward the attorney who represented DPSS in the

---

[2] We also denied father's related petition for writ of habeas corpus (case No. E030567).

dependency; and (2) the administrative compliance division of DPSS had sent father a letter in January 2008 that stated it had conducted an administrative review for father and changed the "substantiated allegation conclusion" to "unfounded," as a result of which it removed that allegation from the Child Abuse Central Index. The juvenile court again summarily denied father's petition, this time finding that it lacked authority to grant the relief father requested because the dependency had been terminated when the family law orders were filed. This appeal is from the order summarily denying father's most recent section 388 petition.

We dismiss the appeal for reasons we explain below.

## DISCUSSION

We asked the parties to provide supplemental briefing on the issue of whether the juvenile court had jurisdiction to consider any issue in connection with the dependency proceeding after that proceeding was terminated. Father's response is that the juvenile court is the only court with jurisdiction to consider the issue, construing the term "jurisdiction" in the sense of subject matter jurisdiction. The issue we had intended to raise in our use of the term is whether there is a proceeding pending in which a section 388 petition can be filed and in which previously issued orders can be modified. Stated more accurately and clearly, the issue is whether the juvenile court retained jurisdiction over A.S. so that the juvenile court could take any of the action father requested in his section 388 petition. We conclude, for reasons we now explain, that the juvenile court did not have jurisdiction over A.S. and therefore the juvenile court should have dismissed the petition.

Section 388, subdivision (a) states in pertinent part that, "Any parent or other person having an interest in a child *who is a dependent child of the juvenile court* or the child himself or herself . . . may, upon grounds of change of circumstance or new evidence, petition the court *in the same action in which the child was found to be a dependent child of the juvenile court* . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." (Italics added.) In this case, the juvenile court terminated the dependency with respect to A.S. in 2002. As a result, at the time father filed his section 388 petition, A.S. was not a "dependent child of the juvenile court" and there was no action pending in which the juvenile court could change, modify, or set aside a previously made order.[3] In short, because the dependency proceeding was terminated six

---

[3] Moreover, father's section 388 petition does not seek modification of an order, but instead seeks to overturn the trial court's jurisdictional finding years after the judgment became final. The order entered at the dispositional hearing is the final judgment. (*In re Melvin A.* (2000) 82 Cal.App.4th 1243, 1250 [98 Cal.Rptr.2d 844].) An appeal from the most recent order in a

years earlier, the juvenile court no longer had jurisdiction of the parties and therefore lacked any ability to act at the time father filed his section 388 petition. (See, e.g., *In re Sarah M.* (1991) 233 Cal.App.3d 1486, 1504 [285 Cal.Rptr. 374] ["The moment the juvenile court terminates the dependency proceedings, the child passes completely from the mandatory jurisdiction of the juvenile court . . ."], disapproved on other grounds in *In re Chantal S.* (1996) 13 Cal.4th 196, 204 [51 Cal.Rptr.2d 866, 913 P.2d 1075].)

In order to disabuse father of any notion that he has been deprived of his rights or otherwise wrongly treated in the dependency proceeding, we also note that the allegations in father's section 388 petition do not set out any relevant new facts, i.e., facts that show father did not engage in the acts of physical abuse that prompted DPSS in 2000 to file the dependency petition on behalf of A.S. The only fact that is not included in father's prior appeals is that in 2008 DPSS removed father's name from the Child Abuse Central Index after changing the substantiated allegation to unfounded. Father has not demonstrated that the abuse allegation in question pertains to A.S. The letter DPSS sent to notify father of its action does not include any information to connect the abuse allegation to a particular case or to connect its action to an allegation made in connection with A.S. or the terminated dependency proceeding. In short, although father would have us assume that DPSS had determined father had not engaged in the acts that prompted DPSS to seek dependency protection for A.S., he has not offered any facts to support such an assumption.

■ What the facts disclose, as we have either expressly or impliedly held in each of his prior appeals, is that father submitted to dependency jurisdiction based on facts set out in the social worker's reports, those reports contained sufficient evidence to support the allegations against him, and six years ago father stipulated to termination of the dependency. Because the dependency proceeding was terminated, the juvenile court no longer has jurisdiction, and no further action can be taken in regard to that matter. Father complains he cannot clear his name if he cannot pursue a section 388 petition even at this late date. We cannot enlarge appellate jurisdiction. The Legislature has complete control over the right of appeal, including changes to that right. Any changes should be left to it and not to us by judicial fiat. (*In re Daniel K., supra,* 61 Cal.App.4th at p. 666.) The trial court should have dismissed father's section 388 petition for lack of jurisdiction.

---

dependency case may not challenge prior orders for which the statutory time for filing an appeal has passed. (*In re Daniel K.* (1998) 61 Cal.App.4th 661, 667 [71 Cal.Rptr.2d 764].)

## DISPOSITION

The appeal is dismissed for lack of jurisdiction.

Ramirez, P. J., and Hollenhorst, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 9, 2009, S175092.