**In the Interest of C.T.H.S. and C.R.H.S.**

No. 09–09–00004–CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 17, 2009.

Decided April 29, 2010.

Sheila R. Haley, Cordell & Haley, L.L.P., Houston, for appellant.

Jack C. Ogg, Kim Ogg, The Ogg Law Firm, Houston, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

CHARLES KREGER, Justice.

Sheila R. Haley appeals the dismissal of her petition to be appointed sole managing conservator with the right to designate the primary residence of the twin children of Charlena Renee Smith. In two issues, Haley contends the trial court erred in determining that Haley lacked standing to pursue an original suit affecting the parent-child relationship ("SAPCR") and in considering affidavits offered by Smith. Because Haley did not establish she has standing, and because we presume the trial court ignored all incompetent evidence in reaching its conclusion, the order of the trial court is affirmed.

Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *Tex. Ass'n of Bus. v.*

*Tex. Air Control Bd.,* 852 S.W.2d 440, 444–44 (Tex.1993). A person who seeks conservatorship of a child must have standing to file suit. *In re K.K.C.,* 292 S.W.3d 788, 790 (Tex.App.-Beaumont 2009, orig. proceeding). "Whether a trial court has subject-matter jurisdiction is a question of law subject to *de novo* review." *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002).

■ In an original suit affecting the parent-child relationship in which the petitioner seeks managing conservatorship, the question of standing is a threshold issue. *In re M.P.B.,* 257 S.W.3d 804, 808 (Tex.App.-Dallas 2008, no pet.). The Texas Legislature has provided a comprehensive statutory framework for conferring standing in the context of suits involving the parent-child relationship. *See* TEX. FAM.CODE ANN. §§ 102.003, .0035, .004, .0045 (Vernon Supp. 2009), § 102.006 (Vernon 2008). A petitioner seeking managing conservatorship has the burden to prove standing. *In re Smith,* 262 S.W.3d 463, 465 (Tex.App.-Beaumont 2008, orig. proceeding [mand. denied]).

In an earlier mandamus proceeding, this Court held that a 2002 agreed order naming Haley as joint managing conservator of C.T.H.S. and C.R.H.S. was void. *Id.* at 466–67. We identified two reasons why the trial court lacked jurisdiction in 2002. First, the twins were only four months old at the time the suit was commenced, and, therefore, Haley lacked standing. *Id.* at 465; *see* TEX. FAM.CODE ANN. § 102.003(a)(9) (conferring standing on "a person, other than a foster parent, who has had actual care, control, and posses-

sion of the child[ren] for at least six months ending not more than 90 days preceding the date of the filing of the petition"). Second, in 2002 there was no real controversy between Haley and Smith to be resolved by the court. *Smith,* 262 S.W.3d at 466. We held that the temporary orders arising out of the motion to modify the void order must be vacated. *Id.* at 467. The trial court vacated its prior orders on August 19, 2008.

■ Haley's 2008 petition seeking to be named sole managing conservator is an original petition under Chapter 153 of the Texas Family Code. Haley argues she has standing to file suit under section 102.003(a)(9). *See* TEX. FAM.CODE ANN. § 102.003(a)(9). At the request of the trial court, the parties briefed the issue of whether Haley had standing to maintain an original SAPCR action and presented supporting affidavits to the trial court. The trial court conducted a hearing at which it initially stated that there were outstanding fact issues with regard to the allegations of whether the parent was unfit.[1] However, after consideration of trial counsel's arguments and the parties' affidavits, the trial court dismissed Haley's SAPCR petition for lack of standing. The trial court made written findings of fact and conclusions of law, as follows:

1. There is no evidence that, during the relevant time period, the parent Ms. Smith totally abdicated her parental responsibilities over the children to the non parent Ms. Haley.

2. There is no evidence that, during the relevant time period, the parent Ms. Smith did not exercise some care for,

---

1. Oral statements by the trial judge may not be considered as a substitute for findings of fact or conclusions of law. *See In the Interest of W.E.R.,* 669 S.W.2d 716, 716 (Tex.1984); *Tate v. Tate,* 55 S.W.3d 1, 7 n. 4 (Tex.App.-El Paso 2000, no pet.). Furthermore, when a trial court issues findings that conflict with an initial finding, the later findings control over the earlier findings. *Jefferson County Drainage Dist. No. 6 v. Lower Neches Valley Auth.,* 876 S.W.2d 940, 960 (Tex.App.-Beaumont 1994, writ denied).

some control over or some supervision over the children at the same time that the non parent Ms. Haley exercised some care for, some control over and some supervision over the children.

3. There is no evidence that, during the relevant time period, the non parent Ms. Haley exercised exclusive care for, control over and supervision over the children to the exclusion of the parent Ms. Smith.

4. A parent must totally abdicate their parental responsibilities to another person during the relevant time period before that other person can acquire standing to file an original SAPCR with respect to that parent's child.

5. A parent's allowing of a non parent to have some care for, some control over and some supervision over the parent's child during the relevant time period is insufficient for the non parent to acquire standing to file an original SAPCR with respect to that child.

6. If a parent, to any extent whatsoever, retains or exercises any care for, any control over or any supervision over their child during the relevant time period, then a non-parent cannot as a matter of law acquire standing to file an original SAPCR with respect to that child.

7. During the relevant time period, a non-parent must exercise exclusive care for, control over and supervision over a child (not necessarily continuous for the entire time period, but during the relevant time period) to the exclusion of the child's parent in order to acquire stand-

ing to file an original SAPCR with respect to that child.

On appeal, Haley argues that the trial court's conclusions of law are erroneous. She states she "does not necessarily disagree with the factual findings," but "the factual findings have no effect as applied, because they are based on the erroneous conclusions of law."

■ We are to consider the findings as a whole and adopt the construction that gives effect to all material findings. *See generally De Llano v. Moran,* 160 Tex. 490, 333 S.W.2d 359, 360 (1960). When the findings are "subject to more than one reasonable construction, they should be given that meaning which will support the action of the court" as expressed in the order. *Id.* We conclude the trial court determined Smith was a fit parent adequately caring for her children. *See* Tex.R. Civ. P. 299.[2] Although Haley challenges the court's conclusions of law, she does not argue on appeal that Smith does not adequately care for her children.

This Court stated as follows in *K.K.C.:*

The interest of parents in the "care, custody, and control" of their children "is perhaps the oldest of the fundamental liberty interests" recognized by the United States Supreme Court. (*Troxel v. Granville,* 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000)). Furthermore, this State has long recognized that the "natural right which exists between parents and their children is one of constitutional dimensions." *See Wiley v. Spratlan,* 543 S.W.2d 349, 352

2. Rule 299. Omitted Findings

When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment.... Tex.R. Civ. P. 299.

(Tex.1976); *see also Holick v. Smith,* 685 S.W.2d 18, 20 (Tex.1985); *In re Pensom,* 126 S.W.3d 251, 254 (Tex.App.-San Antonio 2003, orig. proceeding).

*In re K.K.C.,* 292 S.W.3d at 792 (footnote omitted). "These parental interests are a fundamental right protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *In re Pensom,* 126 S.W.3d 251, 254 (Tex. App.-San Antonio 2003, orig. proceeding) (citing *Troxel v. Granville,* 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000)). "Texas statutes are intended by the Legislature to be in compliance with the Constitutions of this State and the United States." *In re K.K.C.,* 292 S.W.3d at 792 (citing Tex. Gov't Code Ann. § 311.021(1)(Vernon 2005)) (footnote omitted). "A court construes a statute to give effect to the Legislature's intent as expressed in the actual language used in the statute." *Id.* (citing *Osterberg v. Peca,* 12 S.W.3d 31, 38 (Tex.2000) and *In re Pensom,* 126 S.W.3d at 255–56).

▆▆▆ The power of a trial court to adjudicate disputes between a parent and a non-parent, and to enforce its own orders contrary to a parent's decisions concerning her children, constitutes state involvement that implicates the parent's fundamental liberty interests in the care, custody, and control of her children. *See Troxel,* 530 U.S. at 65–76, 120 S.Ct. 2054. The jurisdictional requirement of standing helps ensure that a parent's constitutional rights are not needlessly interfered with through litigation. *See generally In re Pensom,* 126 S.W.3d at 255 ("[J]urisdictional prerequisite of standing [in grandparent access context] serves to ensure that the statutory scheme is narrowly tailored so that a parent's personal affairs are not needlessly intruded upon or interrupted by the trauma of litigation by any third party seeking access."). As the United States

Supreme Court explained in *Troxel,* "[S]o long as a parent adequately cares for his or her children (i.e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." *Troxel,* 530 U.S. at 68–69, 120 S.Ct. 2054 (citing *Reno v. Flores,* 507 U.S. 292, 304, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993)).

The standing statutes should be construed in a manner consistent with the constitutional principles stated in *Troxel. See In re Pensom,* 126 S.W.3d at 255–56. In the provision at issue here, the Legislature chose the words "actual care, control and possession." Tex. Fam.Code Ann. § 102.003(a)(9). We presume each word was used for a purpose, and give each word effect if it is reasonable and possible to do so. *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.,* 35 S.W.3d 591, 593 (Tex.2000). The law recognizes that a parent has the responsibility to care for her children. *See* Tex. Fam.Code Ann. § 151.001(a)(2) (Vernon 2008). The words "actual care" must be given effect in the context of the responsibilities of the parent and the parent's liberty interests. *See generally In re K.K.C.,* 292 S.W.3d at 792–93 (meaning of "control" in section 102.003(a)(9)).

We note that section 102.003(a)(11) separately provides standing to a person with whom the child and a parent have resided for at least six months if the "parent is deceased at the time of the filing of the petition[.]" Tex. Fam.Code Ann. § 102.003(a)(11). Presumably, a person residing with a parent and child may care for the child over the course of time, yet that person would not have standing simply by the care that would normally be exercised when residing in the same household with the parent and the child.

If the same degree of care, control, and possession that would accompany living with the parent and child were sufficient to establish standing under section 102.003(a)(9), the requirement that the parent be deceased in section 102.003(a)(11) would be without effect, because standing would separately exist under section 102.003(a)(9). We should not construe section 102.003(a)(9) so broadly that section 102.003(a)(11) is rendered meaningless. *See Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 441–42 (Tex.2009) (noting that a statute should not be interpreted in a manner that renders parts of it meaningless).

The Fort Worth Court of Appeals in the case of *In re M.J.G.,* 248 S.W.3d 753, 757–59 (Tex.App.-Fort Worth 2008, no pet.), considered the "actual care" requirement in section 102.003(a)(9). In *M.J.G.,* the court held that grandparents who alleged "M.J.G. had lived with them since she was born[,] with the exception of one two-week period when she stayed with her parents in another town[,]" nevertheless lacked standing under section 102.003(a)(9). *Id.* at 757, 759. Even though M.J.G. and her brother lived with the grandparents, and the grandparents performed day-to-day caretaking duties for the children, the children's parents were also living with the children in the home, and there was no evidence that the parents did not care for the children or that the parents had abdicated their parental duties and responsibilities to the grandparents. *See id.* at 758–59. Haley argues that "the decision reached in [*M.J.G.* ] incorrectly construes TEX. FAM.CODE § 102.003(a)(9)." She argues that a parent often lives with others, and that the best interest of the children should be considered.

The holding in *M.J.G.* appears to be consistent with the meaning of the language used by the Legislature, the con-

stitutional liberty interests retained by a fit parent adequately caring for her children, and the statutory scheme for standing set forth in the Family Code. *See In re K.K.C.,* 292 S.W.3d at 793. Standing does not turn on whether a trial court agrees or disagrees with a parent's decision concerning the best interest of her children, or a parent's decision regarding who may associate with her children. Specifically, when someone other than a parent claims standing under the "actual care" requirement of section 102.003(a)(9), the court considers whether the parent is adequately caring for her children. *See* TEX. FAM.CODE. ANN. § 102.003(a)(9); *In re M.J.G.,* 248 S.W.3d at 757–59; *see also Troxel,* 530 U.S. at 68–69, 120 S.Ct. 2054 (presumption that fit parents act in the best interest of their children); *see generally In re Pensom,* 126 S.W.3d at 255 (considering limitations of intrusion into the parent-child relationship in the grandparent access context). Although Haley lived with the children, Smith also lived with her children in the home, and the record does not establish that Smith failed to adequately care for her children or that she abdicated her parental duties and responsibilities. *See In re M.J.G.,* 248 S.W.3d at 757–59; *see also In re K.K.C.,* 292 S.W.3d at 792–94.

In issue two, Haley complains about the affidavits Smith submitted to the trial court. Haley filed a motion to strike Smith's affidavits. The trial court stated generally that the court was granting proper objections and overruling improper ones. Haley did not request clarification. We presume the trial court disregarded incompetent evidence. *See Gillespie v. Gillespie,* 644 S.W.2d 449, 450 (Tex.1982).

Haley had the burden to establish standing. *See In re Smith,* 262 S.W.3d at 465. The trial court could reasonably conclude she failed to meet her burden. We over-

rule issues one and two. The trial court's order is affirmed.

AFFIRMED.