**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00349-CV**
_____

**IN THE INTEREST OF J.C.M.**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-08-08578 CV**

**MEMORANDUM OPINION**

M.L., J.C.M.'s maternal grandmother, filed a petition in Texas seeking modification of a California custody order. J.C.M.'s father, J.M., filed a counter-petition. The trial court signed an order finding that modification is in J.C.M.'s best interest, removing J.M. as joint managing conservator, appointing M.L. as J.C.M.'s non-parent sole managing conservator, and appointing J.M. as a parent possessory conservator. In three appellate issues, J.M. challenges the trial court's modification of the California order. We affirm the trial court's order.

## Jurisdiction

In issue one, J.M. contends that the State of California has exclusive subject matter jurisdiction. In her petition, M.L. alleged that the trial court has jurisdiction under sections 152.201, 152.203, and 152.204 of the Texas Family Code. In its order, the trial court stated that it has jurisdiction under sections 152.201 and 152.203. Subject matter jurisdiction is a question of law that we review *de novo*. *In the Interest of C.T.H.S.*, 311 S.W.3d 204, 206 (Tex. App.—Beaumont 2010, pet. denied).

A Texas court may not modify a child custody determination made by an out-of-state court unless: (1) the Texas court has jurisdiction to make an initial child custody determination; and (2) the out-of-state court determines it no longer has exclusive continuing jurisdiction or that a Texas court would be a more convenient forum; or the Texas court or out-of-state court determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state. Tex. Fam. Code Ann. § 152.203 (West 2014). Section 152.201 outlines the circumstances under which a Texas court may make an initial custody determination, such as when the child's home state is Texas. *Id*. § 152.201(a). "'Home state' means the state in which a child lived with a parent or a person

2

acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." *Id*. § 152.102(7).

According to M.L.'s affidavit, J.C.M.'s mother, C.C., left J.C.M. alone in a hotel room, and M.L. found J.C.M. at the hotel on February 1, 2012. M.L. filed her petition on August 16, 2012, over six months after she took possession of J.C.M. Because J.C.M. lived in Texas with M.L. for at least six consecutive months preceding M.L.'s petition, the trial court could reasonably conclude that Texas was J.C.M.'s home state on the date the proceedings commenced. *See id*. §§ 152.102(7); 152.201(a)(1). Additionally, the California Department of Children and Family Services had previously recommended that the California court's jurisdiction be terminated. In its January 2012 order, the California court terminated its jurisdiction over J.C.M. Accordingly, at the time M.L. commenced proceedings in Texas, the California court no longer had jurisdiction over the parties. *See In re A.S.*, 95 Cal. Rptr. 3d 363, 365-66 (Cal. App. 4th 2009, review denied) (Once the California court terminated jurisdiction regarding the child, it could no longer change, modify, or set aside a previous order.). Even J.M., in his counter-petition, stated that "[n]o court has continuing jurisdiction of this suit or of the child the subject of this suit." We conclude that the California court's order

3

contains a determination that it no longer has jurisdiction. *See* Tex. Fam. Code Ann. § 152.203(1).

J.M. further contends that section 152.206 of the Texas Family Code deprived the trial court of jurisdiction. Except for temporary emergency jurisdiction, a Texas court cannot exercise jurisdiction if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state, unless the proceeding has been terminated or is stayed by the out-of-state court because Texas is a more convenient forum. *Id*. § 152.206(a). "'Commencement' means the filing of the first pleading in a proceeding." *Id*. § 152.102(5).

The record does not indicate that a proceeding had been commenced in California when M.L. filed her petition in Texas. The parties' stipulation is dated August 21, 2012, and, according to J.M.'s affidavit for UCCJEA information, C.C. filed a modification of the California custody order on August 27, 2012. On August 27, 2012, the California Superior Court issued its stipulation and order for modification. J.M. subsequently informed the Texas court that no other court had continuing jurisdiction. Under these circumstances, we conclude that the Texas proceeding was already pending when the California case was commenced; thus, section 152.206 does not apply to this case. Because the Texas court properly

4

exercised jurisdiction under sections 152.201(a)(1) and 152.203(1), we overrule J.M.'s first issue. Therefore, we need not address issue three, in which J.M. contends that the trial court improperly exercised temporary emergency jurisdiction. *See* Tex. R. App. P. 47.1.

Section 152.209 of the Texas Family Code

In issue two, J.M. complains that M.L. failed to comply with section 152.209 of the Texas Family Code. Section 152.209 requires a party to provide the following information in a pleading or affidavit, if reasonably ascertainable: (1) the child's address or location, the places where the child lived in the last five years, and the names and addresses of the persons with whom the child lived; (2) whether the party has participated in any other proceeding concerning custody of or visitation with the child and, if so, the court, case number, and date of any custody determination; (3) whether the party knows of any proceeding that could affect the current proceeding and, if so, the court, case number, and nature of the proceeding; and (4) whether the party knows the names and addresses of any person not a party to the proceeding who has physical custody of the child or claims rights of custody or visitation with the child and, if so, the names and addresses of those persons. Tex. Fam. Code Ann. § 152.209(a) (West 2014). The failure to comply with section 152.209 is not jurisdictional. *In the Interest of G.M.*, No. 04-13-00689-CV,

2014 Tex. App. LEXIS 3234, at **13-14 (Tex. App.—San Antonio Mar. 26, 2014, no pet.) (mem. op.).

Under section 152.209, M.L. was only required to provide information that was reasonably ascertainable. *See* Tex. Fam. Code Ann. § 152.209(a). In an affidavit dated August 10, 2012, M.L. stated that, to her knowledge and belief, the California court's January order had not been modified. In her petition, M.L. stated J.C.M. resides with her in Montgomery County, Texas. M.L. explained that the Texas Department of Family and Protective Services had previously been involved and that there has been no change in J.C.M.'s property since the January 2012 California order. She identified J.M. and C.C. as parties who may be affected. Only if the questions posed in section 152.209(a) yielded affirmative answers would M.L. be required to provide additional information, and the trial court could examine the parties as to any details pertinent to its jurisdiction and disposition of the case. *See id*. § 152.209(c). The trial court could conclude that M.L.'s affidavit and pleadings substantially complied with section 152.209(a) and that if further information was required, the proceedings could be stayed so the information could be provided. *See id*. § 152.209(a), (b).

J.M. also complains that M.L. failed to file the most recent California order with the trial court. Section 152.209 imposes a continuing duty on *each party* to

6

inform the trial court of any proceeding that could affect the current proceeding. *Id.* § 152.209(d). The record indicates that, at the time M.L. filed her petition in Texas, the California court's January order was the only order in existence. J.M. filed the modified order with the trial court on August 31, 2012. The record does not indicate that M.L. was aware of the August 2012 order and failed to provide it to the trial court. Accordingly, we reject J.M.'s contentions that M.L. failed to comply with section 152.209. We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 2, 2014
Opinion Delivered May 22, 2014

Before McKeithen, C.J., Horton and Johnson, JJ.

7