Filed 12/13/23  In re A.Z. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re A.Z., a Person Coming Under the Juvenile Court Law. | |
| SAN MATEO COUNTY HUMAN SERVICES AGENCY,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>S.N. et al.,<br><br>　　　Defendants and Appellants. | A167042<br><br>(San Mateo County Super. Ct. No. 17-JD-0105) |

MEMORANDUM OPINION

In 2017, the San Mateo County Human Services Agency filed — and later amended — a petition alleging A.Z. (the child) had suffered, or was at substantial risk of suffering, physical harm in the care of his biological parents, S.N. and A.Z. (collectively, parents).[1] (Welf. & Inst. Code, § 300,

---

[1] We resolve this case by memorandum opinion, reciting only those facts necessary to resolve the limited issue before us. (Cal. Stds. Jud. Admin., § 8.1.) We deny parents' motion to augment and correct the record and their motion to "request records."

1

subd. (b)[2]) The juvenile court detained the child; in May 2018, it terminated parental rights. Parents appealed the order terminating their parental rights. In November 2018, we dismissed the appeal. (*San Mateo County Human Services Agency v. A.Z.* (Nov. 15, 2018, A154748); see *In re Sade C.* (1996) 13 Cal.4th 952, 994.) The following month, after the child was adopted, the court terminated the dependency proceeding and its jurisdiction over the child.

On December 30, 2022—more than four years later—parents filed a petition asking the juvenile court to reinstate their parental rights and to return the child to their care (section 388 petition). Parents alleged the dependency was a "fraud" and that the child was kidnapped in 2017. That same day, the court summarily denied the petition on the grounds that parents had not alleged a change of circumstance or new evidence as required by section 388.

Representing themselves, parents have appealed the December 30, 2022 order. Parents insist the child was kidnapped, and they contend the juvenile court lacked authority to terminate their parental rights. Although parents' briefs do not comply with Rules of Court, rule 8.204, we have carefully considered the information and assertions raised therein.

We conclude parents have not demonstrated the juvenile court abused its discretion by denying their section 388 petition without an evidentiary hearing. In the juvenile court, parents failed to identify a substantial change of circumstance or set forth new evidence warranting a change to the order terminating parental rights. They also made no showing that returning the child to their care would promote the child's best interests. (*In re G.B.* (2014)

[2] Undesignated statutory references are to the Welfare and Institutions Code.

227 Cal.App.4th 1147, 1157, 1160 ["court did not abuse its discretion in declining to hold an evidentiary hearing on [the parent's] first section 388 petition"]; *In re Brittany K.* (2005) 127 Cal.App.4th 1497, 1505–1507 [no abuse of discretion in summarily denying section 388 petition]; *In re Samuel A.* (2020) 55 Cal.App.5th 1, 6–7 [general and conclusory allegations are insufficient to warrant a hearing on a section 388 petition].) Parents' other allegations do not furnish a basis for reversal, as their complaints about the dependency proceeding — which terminated in 2018 — are not cognizable in this appeal. (See *In re A.S.* (2009) 174 Cal.App.4th 1511, 1515.)[3]

## DISPOSITION

The December 30, 2022, juvenile court order summarily denying parents' section 388 petition is affirmed.

HIRAMOTO, J.[*]

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

*San Mateo County v. S.N.* (A167042)

---

[3] Although we do not decide the appeal on this basis, we note the juvenile court lacked jurisdiction to rule on the section 388 petition because the child "was not a 'dependent child of the juvenile court' and there was no action pending in which the . . . court could change, modify, or set aside a previously made order." (*In re A.S.*, *supra*, 174 Cal.App.4th at pp. 1514–1515 [juvenile court should have dismissed parent's section 388 petition filed six years after termination of dependency proceeding].)

[*] Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3