Filed 2/5/24  In re Isaiah E. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re ISAIAH E., a Person Coming Under the Juvenile Court Law. | B325548 |
| | (Los Angeles County Super. Ct. No. 22CCJP00874) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. F.E., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Mary E. Kelly, Judge.  Reversed.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

———————————————

In this dependency appeal, mother F.E. appeals from the juvenile court's November 2022 custody and visitation exit orders granting her sole physical and legal custody of her son Isaiah E. (born November 2021) and giving Isaiah's father, Marc G., certain visitation rights. On November 7, 2023, in a prior appeal brought by F.E., we reversed the juvenile court's jurisdiction finding. Accordingly, we now reverse the juvenile court's November 2022 exit orders in this case and direct the court to vacate the orders.

As explained in our prior opinion, the juvenile court sustained a dependency petition pursuant to Welfare and Institutions Code[1] section 300, section (b)(1) (failure to protect), in March 2022 on behalf of Isaiah based on two incidents of domestic violence inflicted on F.E. by Marc. F.E. appealed the jurisdiction finding and disposition order, contending there was insufficient evidence to support a finding Isaiah was at substantial risk of serious physical harm by the time of the jurisdiction hearing. We agreed and reversed. (*In re Isaiah E.* (Nov. 7, 2023, B320238) [nonpub. opn.].)

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

While the appeal in case No. B320238 was pending, on November 10, 2022 the juvenile court terminated jurisdiction and stayed its order pending receipt of a juvenile custody order granting sole legal and sole physical custody to F.E. and monitored visitation to Marc. On November 17 the court received and issued the juvenile custody order. F.E. timely appealed from both orders.

F.E. contends, the Los Angeles County Department of Children and Family Services (Department) concedes, and we agree that because this court reversed the jurisdiction finding, the juvenile court's subsequent November 2022 exit orders must be reversed and vacated. (See *In re R.M.* (2009) 175 Cal.App.4th 986, 991 [in light of the appellate court's reversal of the jurisdiction order, "all subsequent orders . . . must be reversed as well"]; cf. *In re A.S.* (2009) 174 Cal.App.4th 1511, 1514 [once jurisdiction terminates, subsequent juvenile court orders are void and must be stricken].)

## DISPOSITION

The juvenile court's custody and visitation exit orders are reversed, and the juvenile court is directed to vacate its November 2022 orders.


MARTINEZ, J.

We concur:


SEGAL, Acting P. J.          FEUER, J.

3